67051. L & L ELECTRICAL SERVICE, INC. v. L. K. COMSTOCK & COMPANY, INC.

DEEN, Presiding Judge.

On February 25, 1981, the appellant, L & L Electrical Service, Inc., entered into a joint venture agreement with the appellee, L. K. Comstock & Company, Inc., for the purpose of subcontracting under a contract that General Railway Signal Company held with MARTA. The joint venture was known as "Comstock — L & L, A Joint Venture"; profits and liabilities were to be shared on a 70/30 percentage split, with the appellee having the larger percentage. On March 1, 1982, a lease was executed by the appellant as lessor and Comstock — L & L, A Joint Venture as lessee, concerning the appellant's premises in Fulton County for a term ending on April 3, 1983. (It appears that another lease was also signed at that time, for an additional term extending to December 31, 1984, although the agreement indicated that it was executed on May 1, 1983.)

On February 10, 1983, the appellant filed an affidavit for a distress warrant against the appellee in the State Court of Fulton County, seeking all rents (both present and future) due under the lease(s). The appellee responded by denying the existence of any lease between itself and the appellant, and it asserted that the appellant should have sought an accounting in the superior court.

When the case appeared before the state court for trial, the appellee orally moved for dismissal; it is in dispute whether this motion was made before the appellant completed its presentation of evidence. The trial court adjourned the proceeding, pending receipt of written motions and briefs on the issues raised at the hearing. On May 6, 1983, the trial court dismissed the appellant's petition, "pursuant to O.C.G.A. Section 9-11-41 (b) [Code Ann. § 81A-141] on the grounds that under the facts and the law, the Plaintiff has shown no right to relief . . ." This appeal followed. *Held:*

The appellant initially contends that the case must be remanded because the trial court failed to make findings of fact and conclusions of law in its dismissal order, and because the trial court did not allow the appellant to complete its presentation of evidence. OCGA § 9-11-41 (b) (Code Ann. § 81A-141) in part provides that "[a]fter the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." The appeal record, however, does not contain a transcript of the actual proceeding before the trial court, and thus we have nothing with which to evaluate the appellant's contention that it was prevented from presenting all its evidence. See *Blackshear v. Blackshear,* 232 Ga. 312 (206 SE2d 429) (1974); *Palmer v. Stevens,* 115 Ga. App. 398, 402 (154 SE2d 803) (1967).

The appellant, however, correctly notes that under OCGA § 9-11-52 (a) (Code Ann. § 81A-152) the trial court was required to make findings of fact and conclusions of law, unless waived by the parties. OCGA § 15-7-43 (Code Ann. § 24-2114a); *Salvador v. Wals,* 139 Ga. App. 362 (228 SE2d 384) (1976); *Shannondoah, Inc. v. Smith,* 137 Ga. App. 378 (224 SE2d 465) (1976). In this case, since neither party waived these findings and conclusions, the trial court erred in failing to make them in its dismissal order. Accordingly, this case must be remanded for preparation of written findings of fact and conclusions of law, after which the losing party may appeal. See *Broussard v. Williams,* 164 Ga. App. 545 (298 SE2d 269) (1982); *High Point Sprinkler Co. v. George Hyman Constr. Co.,* 160 Ga. App. 192 (286 SE2d 763) (1981).

*Case remanded with directions. Banke and Carley, JJ., concur.*

Decided November 7, 1983.

*Jack LaSonde,* for appellant.
*Randolph A. Mayer,* for appellee.