## 72174. HENDERSON v. GLEN OAK, INC.
(346 SE2d 842)

SOGNIER, Judge.

Robert Henderson brought this dispossessory action seeking possession of leased premises, past due rent, and damages for fraud against Glen Oak, Inc. Glen Oak filed an answer and counterclaim seeking equitable and injunctive relief and damages for breach of contract, malicious interference with business, and malicious interference with quiet enjoyment of its lease with Henderson. The jury returned a verdict against Henderson on his claims and in favor of Glen Oak, awarding it damages on each count of its counterclaim as well as punitive damages. The trial court entered judgment on the jury's verdict, denied Henderson's motions for new trial and for judgment notwithstanding the verdict and granted the injunctive relief sought by Glen Oak. Henderson appeals.

The parties to this appeal entered into both a lease contract and a contract for the purchase and sale of appellant's sod business. Under the terms of the lease contract, appellee agreed to pay appellant yearly rent based on appellee's production of sod on the leased property in exchange for appellee's right to harvest and sell the sod and to operate a commercial sod and nursery business on a portion of the leased property. In connection with the sale of appellant's sod business, appellee purchased appellant's good will and customer list. Additionally, the contract for the sale of appellant's business included a provision whereby appellant agreed not to compete with appellee's operation of the sod business. Shortly after the commencement of the lease, appellant notified appellee that the lease was in default and demanded possession of the premises. As a result of this demand and other actions by appellant, appellee filed a declaratory judgment action in the Superior Court of Gwinnett County seeking a declaration, inter alia, of the amount of rent payment, the exact location of the commercial area, and of the status of the lease in terms of the alleged default. Appellee also sought an injunction to prevent appellant from harassing appellee and its employees. The superior court's order granting appellee the relief requested was affirmed by this court in an unpublished order, *Henderson v. Glen Oak*, case nos. 68211, 68212 (Oct. 16, 1984). The parties' disagreement about the amount of rent due, the location of the commercial area, and other matters continued, resulting in appellant's institution of the dispossessory action upon which this appeal is based.

1. Appellant first contends the judgment against him is void because the senior judge who presided at trial was not authorized to do so. In *Shoemake v. Woodland Equities*, 252 Ga. 389, 393-394 (3) (313 SE2d 689) (1984), the Supreme Court held that under OCGA § 15-5-5 (2) a district administrative judge may obtain the services of a senior

judge from outside the administrative district because superior court judges, including senior judges, have jurisdiction to act in any circuit other than their own when the resident judge cannot serve. Therefore, the assignment of the senior judge from outside the administrative district in the instant case was valid under the provisions of OCGA § 15-5-5 (2). Further, we find no merit in appellant's argument that the assignment was void for failure to comply with OCGA §§ 47-8-64 and 15-1-9.1, which are not applicable to this case. Next, the record does not support appellant's argument that the senior judge acted outside the time period of his assignment. Finally, appellant's argument that the trial court lacked authority to remove the case from the state court to the superior court is without merit because the record reveals that appellant's counsel expressly stipulated that the state court claims be transferred to the superior court and that the case be tried in the superior court.

2. Appellant contends the trial court erred by refusing to allow him to cross-examine Luther Smith, and by allowing appellee to cross-examine Smith. Smith was a former employee of appellant and was employed by appellee at the time of trial. During the presentation of appellant's case, appellant's attorney called Smith for cross-examination. On objection by appellee, the trial court ruled that appellant was not entitled to cross-examine Smith because there had been no showing that Smith was a hostile witness. Under the provisions of OCGA § 24-9-81 appellant had a right to cross-examine Smith as an agent of the opposite party. *Thompson v. Central of Ga. R. Co.*, 102 Ga. App. 5, 6 (1) (115 SE2d 471) (1960). However, the transcript reveals that, in effect, appellant did cross-examine Smith without objection for almost his entire examination of that witness and that Smith's testimony was generally favorable to appellant. Further, the information sought by appellant from Smith, regarding the dates and location of sod harvest, was cumulative as appellant was permitted to thoroughly cross-examine five other employees of appellee on the same issues. Thus, the error was harmless. See *Atlanta Americana &c. Corp. v. Sika &c. Corp.*, 117 Ga. App. 707, 710-712 (4) (161 SE2d 342) (1968). Appellant's contention that the trial court erred by allowing appellee to cross-examine Smith was not raised at trial and therefore will not be considered on appeal. *In the Matter of J. S. S.*, 175 Ga. App. 361, 367 (5) (333 SE2d 417) (1985).

3. Appellant contends the trial court erred by failing to charge the jury on his claim of fraud which was based on alleged misrepresentations by appellee as to the cause of the damage sustained by sod acreage following the winter of 1983-1984. At trial, appellant admitted that he never relied on the alleged misrepresentations because he never believed them to be true. Thus, appellant failed to prove one essential element (namely, reliance) required to sustain his claim of

fraud, see *A-Larms v. Alarms Device Mfg.*, 165 Ga. App. 382, 385 (1) (300 SE2d 311) (1983), so that the issue of fraud was not supported by the evidence. Accordingly, the trial court did not err by failing to charge the jury on that issue. *Grimes v. Gano*, 111 Ga. App. 543, 545 (1) (142 SE2d 413) (1965).

4. Appellant contends numerous errors in the trial court's charge to the jury which, although not objected to at trial, appellant argues constituted harmful error. In general, failure to object to the trial court's instruction to the jury before the jury returns its verdict constitutes a waiver of the right to raise the issue on appeal. OCGA § 5-5-24 (a); *Nelson v. Miller*, 169 Ga. App. 403, 404 (312 SE2d 867) (1984). Nevertheless, appellant argues that the alleged errors in the trial court's instruction to the jury come within the exception set forth in OCGA § 5-5-24 (c), i.e., that there has been a substantial error in the charge which was harmful as a matter of law. "The provisions of [OCGA § 5-5-24 (c)] should be applied, and appellate review performed, only when it appears that a gross injustice has resulted or will result from the alleged error. [Cits.] . . . The allegedly erroneous instruction must raise a question as to whether the appellant has been deprived of a fair trial as a result of the challenged instruction. [Cits.]" *Nelson*, supra at 405. In regard to appellant's enumerations nos. 13, 16-32 and 34-37, we find that the trial court's charge as a whole adequately and properly covered the principles of law at issue and there was no substantial error which would require our review under the exception set forth in OCGA § 5-5-24 (c). *Hamrick v. Wood*, 175 Ga. App. 67, 68 (2) (332 SE2d 367) (1985); *Nelson*, supra. Thus, these enumerations are without merit. Further, appellant made no timely objection to the form or content of the verdict form submitted to the jury and therefore his objection in this regard is waived. *Gateway Leasing Corp. v. Heath*, 168 Ga. App. 858, 861 (4) (310 SE2d 549) (1983).

5. Appellant contends the trial court erred by failing to grant his motion for new trial and for judgment notwithstanding the verdict on the general grounds and on the ground that the verdict was based on bias and prejudice against appellant. Our examination of the record indicates that there was more than sufficient evidence to sustain the verdict. See *Llop v. McDaniel, Chorey &c.*, 171 Ga. App. 400 (1) (320 SE2d 244) (1984). We find no merit to appellant's argument that the verdict was based on bias resulting from the trial court's conduct which appellant alleges prejudiced his right to an impartial trial. The single incident which occurred in the presence of the jury cited by appellant as illustrative of the trial court's prejudice against him does not demonstrate actual bias on the part of the trial court. See *Camp v. State*, 147 Ga. App. 114, 115 (3) (248 SE2d 286) (1978); *Stephen W. Brown &c. Assoc. v. Gowers*, 157 Ga. App. 770, 786 (15) (278 SE2d

653) (1981). Further, the effect of any arguable prejudice displayed by the trial court during that incident was amply remedied by the portion of the trial court's charge in which he stressed his impartiality and emphasized to the jury that nothing said by him during the trial should "intimate, hint, or suggest to you which of the parties should prevail in this case." Since there is no evidence that the verdict was based on prejudice and the verdict was supported by the evidence, it will not be disturbed. *Llop*, supra.

6. No reversible error appearing in appellant's first 41 enumerations, we therefore affirm the trial court's judgment based on the jury's verdict. Appellant's final enumeration contends error in a separate order by the trial court, issued the same date as the judgment on the jury's verdict, granting the permanent injunctive relief sought by appellee. The order granting injunctive relief fails to set forth findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a), the requirements of which were not waived by the parties. Therefore, that order is deficient as a matter of law. See *L & L Elec. Svc. v. L. K. Comstock & Co.*, 168 Ga. App. 780, 781 (310 SE2d 557) (1983). Thus, we do not reach the equitable issues raised by this enumeration and we need not decide whether the injunctive relief sought was ancillary to the questions decided by the jury, in order to accord this court jurisdiction over the issue of the propriety of the grant of injunctive relief. See *Bowery Savings Bank v. DeKalb County*, 239 Ga. 398 (236 SE2d 757) (1977). Accordingly, the order granting injunctive relief is remanded for the preparation of written findings of fact and conclusions of law after which the losing party may appeal to the court of appropriate jurisdiction. See *L & L Elec. Svc.*, supra.

*Judgment affirmed in part and case remanded in part. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 23, 1986 —
REHEARING DENIED JUNE 17, 1986 — 

*James E. Butler, Jr., Joseph E. Cheeley, Jr., Robert D. Cheeley, Nickolas P. Chilivis*, for appellant.

*Anthony O. L. Powell, Joseph B. Haynes, Gary J. Toman*, for appellee.