*Wade C. Hoyt III*, for appellee.

73570. AVERY MECHANICAL CONTRACTORS, INC.
v. QUALITY MECHANICAL CONTRACTORS, INC.
(355 SE2d 102)

BENHAM, Judge.

Appellant Avery Mechanical Contractors, Inc., sued appellee Quality Mechanical Contractors, Inc., on a written contract for plumbing services. The case was tried without a jury and judgment was entered in favor of appellee. The court entered its judgment without making findings of fact and conclusions of law. Appellant appeals from the judgment entered pursuant to the trial court's order.

Appellant contends that the trial court erred in failing to make findings of facts and conclusions of law as required by OCGA § 9-11-52 (a). We agree. "Unless waived in writing, the requirement of OCGA § 9-11-52 (a) that the court make findings of fact and conclusions of law is mandatory. [Cits.]" *Chambless Ford Tractor v. McGlaun Farms*, 169 Ga. App. 672 (1) (314 SE2d 689) (1984). However, their absence is not necessarily a fatal defect requiring reversal of the judgment. Id.; *Kennedy v. Brown*, 239 Ga. 286 (2) (236 SE2d 632) (1977).

When such an omission occurs the appellate court will ordinarily vacate the judgment and remand the action to the trial court for the preparation of appropriate findings. *Kennedy v. Brown*, supra. See also *Jacobs Pharmacy Co. v. Richards & Assoc.*, 229 Ga. 156 (189 SE2d 853) (1972). "Accordingly, this case must be remanded for preparation of written findings of fact and conclusions of law, after which the losing party may appeal. [Cits.]" *L & L Elec. Svc. v. L. K. Comstock & Co.*, 168 Ga. App. 780, 781 (310 SE2d 557) (1983).

*Judgment vacated and case remanded with direction. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in the opinion. It should be pointed out, however, that appellant could have avoided the substantial costs and delay, as well as all the ramifications of the appellate court's involvement at this stage, which are occasioned by immediately appealing rather than simply moving the court to amend its order to include or make the findings required by OCGA § 9-11-52 (a). That very code section, which appellant complains was not complied with, provides an expe-

dient trial court level remedy in subsection (b).[1] Had it been followed, a final decision could have been rendered now in this case. Such is the goal, and in order to reach it, it is in the best interests of both the parties and the courts when the objective of speedy resolution is served.

Here the judgment was filed July 23 and the notice of appeal August 20. The 18-page record was docketed in this Court on September 9. The sole enumeration is the failure to make written findings of fact and conclusions of law. Briefing and oral argument periods consumed more time, and now the case is remanded, eight months later. By the time it is ripe for our review and decision on the merits, it will be many more months. Hopefully, the delay in seeking the amplified judgment will not have resulted in a problem of recollection such that a new trial would be required.

This useless shuffling of cases back and forth, which accomplishes nothing of value but instead uses limited resources of time, money, and attention, may now have been stopped. See Ga. L. 1987, p. ___ (H.B. 657, effective July 1, 1987).

DECIDED MARCH 13, 1987.

*Charles L. Day*, for appellant.
*T. Jefferson Moore, Jr.*, for appellee.

---

[1] Of course, if the trial court refuses to amend, that would be a valid ground for appeal.