A91A0901. TURNER et al. v. W. E. PRUETT COMPANY, INC. et al.
(414 SE2d 248)

CARLEY, Presiding Judge.

Appellant-plaintiff's wife was killed in a vehicular collision. In his individual capacity and in his capacity as his wife's administrator, appellant filed suit against appellee-defendants. The case was tried before a jury and a verdict in favor of appellees was returned. Appellant appeals from the judgment entered on the jury's verdict and from the denial of his motion for a new trial.

1. Although appellant enumerates as error the giving of one of appellees' requests to charge, the record shows that the only objection that he ever raised in the trial court was an assertion that he "would most strenuously except to the giving of [the charge]." The specific basis or bases upon which appellant "would most strenuously except" were not set forth. "This exception constituted a mere general objection insufficient under *Christiansen v. Robertson*, 237 Ga. 711 (229 SE2d 472) (1976). [Cit.]" *F.A.F. Motor Cars v. Childers*, 181 Ga. App. 821, 822 (2) (354 SE2d 6) (1987). Since the giving of the charge did not constitute "substantial error" within the ambit of OCGA § 5-5-24 (c) (see generally *Henderson v. Glen Oak, Inc.*, 179 Ga. App. 380, 382 (4) (346 SE2d 842) (1986)), this enumeration of error presents nothing for review.

2. The instant lawsuit was not filed by appellant until shortly before the applicable statute of limitation had run and, at no time did appellees ever contend that the lawsuit had not been timely filed or

served. Appellant filed a pretrial motion in limine which asserted that the timing of the filing and service of the lawsuit was irrelevant and sought to preclude appellees from pursuing that topic before the jury. Appellees opposed the motion, their counsel asserting that the topic was relevant and that he "may not bring it up in the opening statement but it may well come out. It may come out in the cross-examination and certainly goes to the credibility of witnesses." The trial court denied appellant's motion in limine and this ruling is enumerated as error.

The length of time that has passed between an allegedly actionable occurrence and *the giving of an eyewitness' account* of that occurrence may be relevant to the credibility of that eyewitness' account. The memory of any eyewitness, whether for the plaintiff or the defendant, can fade over time. However, the length of time that has passed between an allegedly actionable occurrence and *the filing of a lawsuit* based upon that occurrence has absolutely no arguable relevancy whatsoever to the credibility of the plaintiff's eyewitnesses. A lawsuit is initiated *only* by the plaintiff, not by his eyewitness, and the timing of the initiation of a lawsuit is relevant *only* to the plaintiff's right to seek a recovery, not to the credibility of those eyewitnesses upon whom he may rely in support of his effort to obtain a recovery. If the plaintiff has not filed his lawsuit within the applicable statute of limitation he is barred from recovering regardless of the credibility of his eyewitnesses. If, however, the plaintiff has filed his lawsuit within the statute of limitation, he is entitled to seek to recover without having to address the irrelevant issue of why he failed to institute the litigation earlier. The law only requires that a plaintiff file his lawsuit within the applicable statute of limitation. Therefore, the only "delay" in filing a complaint that has any legal relevancy whatsoever is that which renders the complaint untimely, not that which merely renders the complaint nearly untimely. The timing of the filing of the instant complaint is no more relevant to any issue of appellant's right to recover than the timing of the filing of the instant answer is relevant to any issue of appellees' liability. So long as appellees filed their answer within the statutorily mandated 30 days after service, they are entitled to defend without having to address the irrelevant issue of their "delay" in failing to have filed an earlier answer. Accordingly, the trial court erred in ruling that appellees' counsel would be allowed to pursue the clearly irrelevant topic of the timing of the filing of appellant's complaint.

The fact that it was appellant's own counsel who had first introduced the topic before the jury in his opening statement is irrelevant to our disposition of the instant case. As noted, in opposing appellant's motion in limine, appellees' counsel had unequivocally stated that the timing of the filing of appellant's complaint was "a pertinent

issue in this case. I may not bring it up in the opening statement but it may well come out. It may come out in the cross examination and certainly goes to the credibility of witnesses." Since appellees' counsel had indicated his intent to pursue the issue of the timing of the filing of appellant's complaint and since the trial court had sustained appellees' right to do so by denying appellant's motion in limine, appellant clearly did not "open the door." In mentioning the issue in his opening statement to the jury, appellant's counsel was merely reacting to the erroneous denial of the motion in limine. It was the erroneous ruling on the motion in limine that opened the door and forced appellant's counsel to attempt to explain to the jury in his opening statement the timing of the filing of the complaint.

Moreover, the erroneous ruling was not harmless. Appellees' counsel used the erroneous ruling as a vehicle for making the following prejudicial argument: "I don't know why [appellant's counsel] told you [in his opening statement] that [the suit was not filed until the statute of limitations had almost run] other than I guess he thought if it came out you would think [appellant] didn't have much confidence in [his] claim in this case. I don't know why it wasn't filed until the two year deadline. It had almost arrived. But it suggests to me that, and we know they were investigating this thing. . . . long before two years had come up. I don't know why he brought that up except it does seem to me there was a lot of doubt about this case from the beginning." Of course, the only reason that appellant's counsel had broached the topic was that he had been forced to do so in an effort to respond to the erroneous evidentiary ruling that appellees had secured on the motion in limine. This argument by appellees' counsel that the timing of the filing of the complaint was somehow suggestive of appellant's lack of confidence in his claims demonstrates that the trial court's erroneous denial of the motion in limine was harmful. Accordingly, the judgment must be reversed and a new trial held.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, Cooper, JJ., and Judge Arnold Shulman concur. Sognier, C. J., Beasley and Andrews, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the law does not require a new trial.

Division 2 of the majority opinion addresses the denial of appellant's motion in limine to preclude as not pertinent defense counsel's revealing to the jury that the suit was not filed until immediately prior to the running of the statute of limitation. Appellant argues that this is not relevant to liability inasmuch as the statute of limitation was not affirmatively pled as a defense, and since it was unavailable

plaintiff was forced to defend against a false issue.

The issue, initiated by plaintiff, must be considered in the particular context of this case. At the beginning of trial, when the court heard argument on plaintiff's written motion in limine, the plaintiff expanded his requests orally to seek the exclusion of additional matters. As to this matter, plaintiff's counsel stated: "Your honor, we filed this case two years after the wreck and just before the statute ran. I've had that come up in opening statements before. That's not pertinent to any issue." Defense counsel responded that it was a pertinent issue but stated: "I may not bring it up in the opening statement but it may well come out. It may come out in the cross-examination and certainly goes to the credibility of witnesses." The court denied the motion on this basis, plaintiff not having offered any specific authority supporting the argument that it was not material. Witness credibility, of course, is to be decided by the jury. OCGA § 24-9-80. Defendants did not mention the subject in their opening statement, which followed that of plaintiff.

Plaintiff, on the other hand, introduced the subject to the jury in his opening statement: "There's also going to be some talk about, we've heard, about the fact that this suit was not filed until almost two years after the wreck. That's my fault, partially and Turner's, partially. If Turner went to one lawyer and then later on came to us and after he came to us we were busy and we fiddled around and it took a while to file the suit, it has nothing to do with this case because the evidence will be clear, immediately after this wreck happened Mr. Turner sought to find out what happened and did find out what happened."

The fact was not evidenced during the course of the trial in cross-examination or otherwise. Thus, the mention of it by defendant in closing argument merely countered the explanation of a fact disclosed by plaintiff. Moreover, plaintiff raised no objection to this portion of defendant's closing argument. Instead, in his own subsequent final closing argument, he brought up again the fact of when suit was filed.

Even assuming that plaintiff, by himself calling attention to and explaining the time delay in opening statement, did not open the door for the comments by defense counsel in closing argument, denying the motion and allowing defendants to pursue the matter if they chose to was not error.

Liability was hotly contested, the focus of which was "who ran the red light?" Both sides produced eyewitnesses with opposed versions of what transpired at the intersection. Defendants contended that the credibility of several of appellant's eyewitnesses was affected by the length of time it had taken them to come forward and relate their recollections of what had occurred. The delay in filing suit arguably supported these contentions. See the reasoning expressed in

the analogous case of *McBride & Co. v. Macon Telegraph &c. Co.*, 102 Ga. 422, 425 (3) (30 SE 999) (1897). See also *Adkins v. Flagg*, 147 Ga. 136 (2a) (93 SE 92) (1917), in which it was held: "Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled. [Cits.]"

No reversible error is shown.

I am authorized to state that Chief Judge Sognier and Judge Andrews join in this dissent.

DECIDED NOVEMBER 19, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — ▬▬▬▬▬▬▬

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Charles F. Overby, Ashenden & Boren, Thomas J. Ashenden,* for appellants.

*Carter & Ansley, Tommy T. Holland, Anthony J. McGinley,* for appellees.