A93A0085, A93A0086. NOTTINGHAM COMPANY v. RESOURCE MATERIALS CORPORATION et al.; and vice versa.
(435 SE2d 447)

COOPER, Judge.

This appeal and cross-appeal result from a jury verdict against appellant on its claim against appellees and a verdict awarding damages to appellees on their counterclaim.

Appellant, a company in the business of buying, blending and selling chemicals, employed appellee Richard Melcher from 1974 through 1982. During his employment, Melcher became involved in the development of a product for sale to Arr-Maz, one of appellant's customers. The product, known as FR835, was made by mixing two chemicals purchased from Emery Industries with several other ingredients. Appellant considered the information related to the development of FR835 to be confidential. In 1983, Melcher resigned from his position with appellant, began operating his own company, appellee Resource Materials Corporation, and entered into a joint venture with Arr-Maz for the development of a product almost identical to FR835. In 1986, appellant filed a lawsuit against appellees, alleging misappropriation of a trade secret, tortious interference with business rela-

tions, wrongful appropriation of a business opportunity and breach of the non-compete and non-disclosure provisions of the employment agreement between appellant and Melcher. Appellees responded to the complaint and filed a counterclaim alleging that appellant maliciously brought the complaint for the purpose of harassing appellees. Appellees subsequently amended their counterclaim to allege two causes of action: a claim for intentional infliction of emotional distress and a claim for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The parties filed cross-motions for summary judgment and both were denied by the trial court. In a pretrial order, appellees contended that the action was brought maliciously and without cause and that appellant was liable for the tort of emotional distress, malicious abuse and use of process and malicious prosecution. Appellees also included as part of the pretrial order their contention that they were entitled to have a *Yost* claim considered in the event the jury returned a verdict in their favor.

Appellees requested a charge on intentional infliction of emotional distress. However, instead of giving that charge, the trial judge merely read to the jury appellees' contentions of abusive litigation as alleged in their original counterclaim. The jury returned a general verdict in favor of appellees on appellant's claims and the counterclaim, awarding appellees damages on their counterclaim in the amount of $125,000.

After the verdict was read, appellees sought to have their *Yost* claim submitted to the jury. Appellees informed the court that they would not submit any additional evidence but would make a closing argument to the jury about the evidence. The trial judge stated that he did not believe the evidence supported an additional award under *Yost* and directed the jury to enter a verdict in favor of appellant on appellees' *Yost* claim. The trial court denied the parties cross-motions for new trial and these appeals followed. In Case No. A93A0085, appellant appeals the judgment entered on the jury's verdict denying appellant's claims for damages and awarding appellees damages on the counterclaim. In Case No. A93A0086, appellees contend that the trial court erred in directing a verdict against them on their *Yost* claim.

## Case No. A93A0085

1. In eight enumerations of error, appellant alleges error with the verdict and judgment and asserts the general grounds. Appellant first asserts that the verdict against it on appellees' counterclaim is contrary to law and the evidence because the only evidence offered to support the counterclaim related to the filing of the lawsuit by appellant and such evidence is insufficient to support a claim for inten-

tional infliction of emotional distress. "The law of this state recognizes the tort of intentional infliction of emotional distress. [Cits.] In order to sustain a cause of action, a plaintiff must show that 'defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff.' [Cit.]" *East River Savings Bank v. Steele*, 169 Ga. App. 9, 10 (311 SE2d 189) (1983). This court has held that the filing of legal pleadings cannot be reasonably characterized as "humiliating, insulting or terrifying" so as to support a claim for intentional infliction of emotional distress. See *Ga. Power Co. v. Johnson*, 155 Ga. App. 862 (2) (274 SE2d 17) (1980). The only allegations in the counterclaim which arguably allege the tort of intentional infliction of emotional distress relate to appellant's filing and pursuit of the lawsuit against appellees. Furthermore, in the pretrial order, which supersedes the pleadings, appellees contend that Melcher's emotional distress resulted from appellant's malicious action in bringing the lawsuit. Appellees argue in their brief on appeal that other actions of appellant, such as accusing Melcher of disclosing company secrets and maligning his reputation with a supplier and the EPA, constituted intentional infliction of emotional distress. However, a review of the transcript reflects that such actions were not the motivation behind appellees' counterclaim, which was solely based on appellant's filing of the lawsuit. Accordingly, the trial court should have disposed of the emotional distress claim prior to trial and, having allowed it to reach trial, the trial court should have directed a verdict in favor of appellant on that claim. See *Webb v. State Auto. Mut. Ins. Co.*, 198 Ga. App. 609 (402 SE2d 352) (1991).

Appellant also argues that without a valid claim for intentional infliction of emotional distress, appellees' counterclaim states only a claim for abusive litigation under *Yost* and that the verdict was contrary to law because the *Yost* counterclaim was decided in the same proceeding as the main claim. We agree with appellant and reverse. The Supreme Court stated that in a case involving a claim for abusive litigation, "[t]he adjudication of [the *Yost*] claim . . . will be deferred, by bifurcation, until after the disposition of the underlying action, whereupon it shall be heard immediately by the *same* fact finder. . . ." *Yost v. Torok*, supra at 96. In addition, the Court stated: "No reference to the existence of any such claim will be made before the jury during the trial of the underlying claim." Id. The jury heard all of appellees' evidence relating to abusive litigation prior to the jury's disposition of appellant's case. We find that this was in direct contradiction of the Supreme Court's mandate in *Yost*, and appellant is entitled to a new trial. Since appellees failed to state a claim for intentional infliction of emotional distress, the trial court on retrial should allow the jury to decide the main claim, and immediately following a decision on appellant's claims, appellees should be allowed to

present evidence on their *Yost* claim.

2. Appellant also argues that the trial court erred in admitting testimony regarding the fact that appellant filed its lawsuit shortly before the expiration of the applicable statute of limitation. Appellant, relying on *Turner v. W. E. Pruett Co.*, 202 Ga. App. 287 (2) (414 SE2d 248) (1991), contends that the evidence was irrelevant and prejudicial to the jury's assessment of its case. In *Turner*, the defendant in a personal injury accident argued that the subject of the timing and service of the plaintiff's lawsuit was relevant to the credibility of the witnesses. We held that the trial court erred in allowing defendant's counsel to pursue this irrelevant topic and that the error was harmful because the defendant argued that the timing of the filing of the lawsuit suggested that plaintiff lacked confidence in his claims. However, in the case sub judice, appellant's delay in initiating legal action had some relevance to appellees' contentions that Melcher acted in good faith in competing with appellant and that Melcher had permission to compete with appellant. " 'Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.' (Citations and punctuation omitted.) [Cit.]" *West v. Nodvin*, 196 Ga. App. 825, 828 (3b) (397 SE2d 567) (1990). We find no error in the trial court's admission of the testimony.

### Case No. A93A0086

3. In the cross-appeal, appellees allege error with the trial court's direction of a verdict on their *Yost* claim. " 'A motion for directed verdict is to be granted only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, demands a particular verdict. OCGA § 9-11-50 (a).' [Cit.]" *McDevitt & Street Co. v. K-C Air Conditioning Svc.*, 203 Ga. App. 640, 644 (3) (418 SE2d 87) (1992). Appellees presented ample evidence to support their claim of abusive litigation and a directed verdict was not proper.

*Judgments reversed in Case Nos. A93A0085 and A93A0086. McMurray, P. J., concurs. Beasley, P. J., concurs in judgment only.*

DECIDED JULY 30, 1993 —
RECONSIDERATION DENIED AUGUST 26, 1993 ▮▮▮▮▮▮▮

*Hart & McIntyre, George W. Hart, John C. McIntyre, Jr., Kathie G. McClure*, for appellant.

*Paul R. Koehler*, for appellees.