WILLIAM H. VISAGE, plaintiff in error, *vs.* JOHN D. McKEL-
LAR *et al.*, defendants in error.

1. After full opportunity, and even a request from the court, to suggest questions of fact for submission to the jury, counsel complaining of the verdict or decree because some were omitted, ought at least to explain why they were not suggested in due time.
2. Assignment of error is too general, which complains that issues were not submitted to the jury nor covered by the decree, but not specifying what issues, and they not being elsewhere specified, either in the bill of exceptions or the record.

Equity. Practice in the Superior Court. Practice in the Supreme Court. Before Judge HILL. Bibb Superior Court. April Term, 1876.

It is only necessary to state that this case was tried under the provisions of the act of February 23d, 1876, complainants having demanded that only issues of fact should be submitted to the jury. The only assignment of error in the bill of exceptions is as follows: "that said court erred in not submitting such facts to the jury as covered the issues made by the pleadings and proofs in the case, and in not covering the same issues by the decree rendered in said case." The issues not submitted and not covered are not set forth, either in the bill of exceptions, or in the record.

The presiding judge states, in a note to the bill of exceptions, that after the evidence was closed, he requested counsel on each side, to submit to the court in writing, such issues as each desired to have submitted to the jury; that this was done, and such issues are embodied in the bill of exceptions, together with such as the case suggested to the court; that no issue thus presented was objected to by opposing counsel, or rejected by the court.

POE, HALL & LOFTON, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS; RUTHERFORD & RUTHERFORD, for defendants.

BLECKLEY, Judge.

1. When, in trying an equity cause under the act of February 23d, 1876, the judge, after inviting counsel to suggest questions, submits to the jury all that are suggested, and all that occur to his own mind, a party whose counsel had a full and fair opportunity to point out any omitted issues of fact, but failed to do so, cannot complain, after the trial is concluded, that omissions were made—certainly not without giving some reasons why attention was not called to the omissions in time to have them supplied.

2. When the only assignment of error is, "that the court erred in not submitting such facts to the jury as covered the issues made by the pleadings and proofs in the case, and in not covering the same issues by the decree rendered," and the issues not submitted and not covered are nowhere specified, either in the bill of exceptions or the record, the assignment is not sufficiently specific.   Code, §4251.

Judgment affirmed.