## BROWN *vs.* WATTERS *et ux.*

1. Under the provisions of the act of 1876, the vendors of a homestead are not estopped from suing for its recovery by having made written title to the purchaser, although no fraud be alleged. In such cases the chancellor will mould his decree in accordance with the principles of equity.
2. Where the court obtained the consent of counsel to the submission of distinct issues of fact to the jury, and after preparing questions, read them over to counsel, and inquired if there were any others to be included, which was answered in the negative, such submission is not ground for new trial, though made at the judge's instance, after a part of the evidence had been introduced.
3. The chancellor having omitted, in framing his decree, a credit found by the jury in favor of defendant, directions are given that it be allowed.

Homestead. Estoppel. Equity. Practice in the Supe-

rior Court.    Before Judge HALL.    Henry Superior Court.
October Term, 1877.

Watters and wife brought their bill against Brown to re-
cover homestead property which they had sold and con-
veyed, with the consent of the ordinary, to him.    They
claimed, also, rent for the place.    Defendant had paid a
part of the purchase money, taxes, etc.—the amount of such
payments was a question in controversy.    Defendant moved
to dismiss the bill on the ground that complainants were
estopped from attacking their written conveyance, no alle-
gation of fraud being made.    The motion was overruled.
During the progress of the trial, the court (as appears in
his certificate to the motion for new trial) suggested that it
would be best to submit distinct questions of fact to the
jury, obtained the consent of counsel thereto, wrote out
and read to counsel on both sides the questions he had
framed, with an inquiry if there were any others which
should be included; to this they answered that there were
not, and the questions were submitted.    On the finding of
the jury, the court framed a decree, finding the property
and rents for the complainants, and certain credits for de-
fendant.    Defendant moved for a new trial, which was re-
fused, and he excepted.

SPEER & STEWART, for plaintiff in error, cited 1 *Kelly*,
551, 557; Code, §§2966, 2699; 15 *Ga.*, 521; 4 Wheaton,
213; 6 How., 284; 11 *Ib.*, 299; 9 Wallace, 617; 12 *Ib.*,
358; 13 *Ib.*, 291, 308; Herman on Est., 235–242; 36 Ill.,
240, 238.

J. J. FLOYD; GEO. M. NOLAN, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the de-
fendant on the equity side of the court, under the provis-

ions of the act of 1876, to recover back certain described homestead property which had been sold by the complainants to the defendant with the approval of the ordinary. On the trial of the case, the jury found a verdict for the complainants. A motion was made for a new trial on the grounds therein stated, which was overruled, and defendant excepted.

1. There was no error in holding that the complainants were not estopped from recovering the homestead land back in view of the provisions of the act of 1876. By the 6th and 7th sections of that act, in cases where the purchase money, or only a part thereof, has been paid, the court may mould the decree so as to protect the interest of both parties, or may cancel and set aside the sale, and grant relief to the parties according to the principles of equity.

2, 3. It appears from the judge's certificate, that during the progress of the trial, the consent of counsel for the parties was obtained, requiring the jury to find a special verdict of the facts in the case as provided in the act of 23d of February, 1876, though no request had been made before the beginning of the introduction of the evidence. The judge then prepared written questions covering all the issues in the case which he could discover, to be submitted to the jury, and then asked the counsel if there were any other issues not presented or covered by the questions he had prepared, and they answered no. The questions were then submitted to the jury, and they found a special verdict upon each issue submitted under the evidence, and the court entered a decree thereon.

The court, however, in entering the decree failed to include in the credits in favor of Brown the sum of seventy dollars, the cash paid by Brown at the time of the purchase, as found by the verdict of the jury. We direct therefore that the decree be modified by reducing the amount found against Brown from $119.06 to $59.06. This modification is proper for the reason that the whole contract of purchase, including the reversion in the property, is rescinded.

Let the judgment of the court below be affirmed with directions as herein indicated.