## HATTAWAY *v.* DICKENS.

1. The questions propounded by the court to the jury presented the issues involved in this case with sufficient clearness and fullness. After the court had prepared questions to be propounded to the jury, and had submitted them to counsel with a request for suggestions as to the sufficiency of the questions so prepared to be submitted to the jury, the losing party complaining that proper questions had not been propounded to the jury, ought at least to explain why counsel did not in due time suggest questions which they deemed proper to be submitted to the jury.

2. The court in substance charged the jury, that, in order to establish a parol contract for the sale of land that would be the basis for specific performance, the evidence must be so clear and unequivocal as to satisfy the minds of the jury with reasonable certainty that such a contract was made. It is complained that this instruction did not go further and instruct the jury that they must be satisfied as to all the terms and conditions of such a sale beyond a reasonable doubt, and that the court erred in not adding to such instruction that specific performance could not be decreed unless there had been such part performance on the part of the plaintiff as would result in a fraud if defendant was not compelled to perform, and that this fact must be established to the satisfaction of the jury beyond a reasonable doubt. *Held:*

(*a*) Instruction upon this subject that the minds of the jury must be satisfied to a reasonable certainty is equivalent to an instruction that they must be satisfied beyond a reasonable doubt. *Shropshire* v. *Brown,* 45 *Ga.* 175; *Schnell* v. *Toomer,* 56 *Ga.* 168, 170; *Bone* v. *State,* 102 *Ga.* 387 (30 S. E. 845); *Warren* v. *Gay,* 123 *Ga.* 243 (51 S. E. 302).

(*b*) A portion of a charge wherein a complete, accurate, and pertinent proposition is stated is not, in and of itself, erroneous simply because it fails to embrace instructions which would be appropriate in connection with that proposition. *Hays* v. *State,* 114 *Ga.* 25 (40 S. E.

Appeal and Error, 4 C. J. p. 902, n. 12; p. 1032, n. 36.

New Trial, 29 Cyc. p. 898, n. 48; p. 965, n. 57.

Specific Performance, 36 Cyc. p. 689, n. 42; p. 690, n. 42, 48.

Trial, 28 Cyc. p. 1592, n. 57; p. 1753, n. 44; p. 1777, n. 64; p. 1910, n. 23; p. 1916, n. 72.

13); *Currie* v. *State*, 153 *Ga.* 178 (111 S. E. 727); *Tanner* v. *Hinson*, 155 *Ga.* 838, 845 (118 S. E. 680).

3. In an action for specific performance of a contract, not in writing, for the exchange of lands, parol evidence is necessarily admissible for the purpose of proving such contract; and the trial judge did not err in permitting the plaintiff to testify to such oral agreement. Civil Code (1910), § 4634.

4. This court will not in any case overrule as erroneous a refusal of the trial court to direct a verdict. *Roberts* v. *Groover*, 161 *Ga.* 414 (131 S. E. 158).

5. The court did not err in refusing to grant a new trial upon the ground of alleged newly discovered evidence consisting of a declaration of the wife of the plaintiff, who was not a party to the suit. The evidence was hearsay, and would be inadmissible as evidence on another trial.

6. An exception to a decree upon the ground that it is not authorized by the evidence and pleadings does not furnish matter proper in a motion for new trial, but can be taken advantage of only by direct exception to such decree.

7. Where specific performance is sought for the enforcement of a parol contract for exchange of lands, this contract and the terms thereof should appear so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. *Printup* v. *Mitchell*, 17 *Ga.* 558 (63 Am. D. 258); *Gordon* v. *Spellman*, 148 *Ga.* 394 (96 S. E. 1006); *Lloyd* v. *Redford*, 148 *Ga.* 575 (97 S. E. 523); *Allen* v. *Allen*, 151 *Ga.* 278 (106 S. E. 81); *Farr* v. *West*, 152 *Ga.* 595 (2) (110 S. E. 724). There is evidence to support the verdict; and we can not say that, in clearness, strength, and precision as to the contract, the evidence fails to measure up to this standard.

8. The other assignments of error are without merit.

No. 5513. FEBRUARY 17, 1927. REHEARING DENIED MARCH 3, 1927.

Equitable petition. Before Judge Fortson. Oconee superior court. May 21, 1926.

J. W. Dickens filed his petition against J. B. Hattaway and Fred Branch, for specific performance of a contract for exchange of real estate, and alleged as follows: He owned a tract of land in Walton County, containing forty acres. He had borrowed from Hattaway $3,000, to secure which he had conveyed to Hattaway the forty acres just mentioned. Hattaway owned two tracts of land in Oconee County, each containing 29 and a fraction acres. In November, 1922, they agreed to exchange these places. Hattaway agreed to cancel the note which he held against Dickens for $3,000, secured by his deed to the Walton County tract, and was to convey to Dickens the two tracts in Oconee County. In pursuance of this contract Dickens took possession of the Oconee County tracts and made various improvements thereon, building a veranda, partitions in the dwelling, repairing the roof, and making other necessary

repairs to the house, relying on the contract of exchange. Hattaway took charge of the forty-acre tract, has rented it each year since that time, has endeavored to sell the same, and is in possession thereof. Soon thereafter Hattaway sued out an attachment against one Wells, who was a non-resident, and who held a bond for title to the Oconee County tracts. Hattaway had the Oconee County lands sold, and they were bid off by Fred Branch for $325 and $400 respectively, and a deed was made to Branch. This proceeding was had by Hattaway for the purpose of getting title, and Branch took title as a part and parcel of that scheme, which was for the benefit of Hattaway. This occurred while petitioner was in possession of the two tracts. Branch bought with full knowledge of petitioner's claim. He is threatening to disturb petitioner in his possession and prevent his exercising acts of ownership over the two tracts. Hattaway, either by himself or through Branch, is now in position to make a merchantable title to petitioner, who prays, that Hattaway be required to specifically perform the contract of exchange and make title to petitioner to the two tracts of land in Oconee County; that, if for any reason title can not be made, petitioner have judgment against him for the value of the two tracts, which he alleges to be $2,000; that it be decreed that Branch has no title or interest in said tracts, and that he be required to execute and deliver to petitioner a title thereto.

In his answer Hattaway denied that he ever entered into a trade with Dickens for the exchange of the properties described, and averred as follows: Dickens agreed to surrender to him the possession and all claim of ownership to the forty acres to which he held a security deed, in extinguishment of the debt due by Dickens to him, said land at that time not being worth $2,000. He denied that he traded to Dickens the two tracts of land in Oconee County, or that he definitely sold to Dickens these tracts. There was a tentative agreement by which Dickens could buy the tracts named, but such proposal or agreement was never consummated. Dickens, realizing that if the debt due to Hattaway was sued on and the land sold it would not bring the amount of the debt, voluntarily agreed to give up the Walton County place and surrender his bond for title to Hattaway, in extinguishment of the debt; but for some reason plaintiff did not deliver up the bond for title which he held and he still holds it. Hattaway did not surrender the notes he

held against Dickens, but still holds them. A further inducement for plaintiff to make the above agreement and surrender his bond for title to the forty acres was the fact that his father was surety on his notes for the full amount, and was financially responsible, and Dickens was anxious to save his father from loss. Dickens asked Hattaway if he did not hold a deed to the Oconee County land, and if he could not arrange to buy the same from Hattaway. Hattaway told Dickens that Wells held a bond for title to the place, that Wells had left the State, that Hattaway had only a security deed to the Oconee land, that he was in correspondence with Wells, endeavoring to get him to surrender to him his bond for title. Dickens inquired the amount of money Hattaway had in the Wells place, and was told that it amounted to $1,560. Hattaway told Dickens that he would not give him an option to purchase the Oconee land, unless he was in position to make a good cash payment. Dickens said that he was able to do this, expecting to realize a considerable amount of money on a claim he or his wife held against the estate of one Thomas. Hattaway told Dickens he was not able to make the cash payment required on the purchase of the Oconee County tracts; that he could take possession of and work the land and pay a reasonable rental which could be accounted for to Wells in a settlement with him. Dickens has never made any cash payment on the Oconee County land; neither party ever got in position to carry out the trade. The improvements put upon the Oconee County tracts by Dickens did not exceed the sum of $35. He has badly damaged the place by cutting and removing the timber, having sold more than 400 cords of wood. Fred Branch now holds full title to the land, though Hattaway holds a bond for title for the amount owed by Branch. Hattaway has no further claim or control over that place. He prays that his right and title to the forty-acre tract in Walton County be decreed full and complete, that Dickens be required to deliver and surrender his bond for title to said place, or that the place be sold and the proceeds applied to the payment of Hattaway's claim by reason of his security deed and the debt thereby secured. In his answer Branch set up title to the Oconee County tracts under his purchase at sheriff's sale; he denied that there was any colorable arrangement between him and Hattaway as to this land, or that he is liable to plaintiff in any way.

The case was submitted to the jury for special verdict upon certain questions by the court. Their verdict was in favor of Dickens. Hattaway made a motion for new trial upon the general grounds, and by amendment added other grounds. The motion was overruled, and to this judgment he excepted. The questions submitted to the jury were as follows: (1) "Did the plaintiff, Dickens, and the defendant, Hattaway, make any parol or verbal agreement to exchange the tracts of land described in the pleadings?". (2) "Did Hattaway go into possession of the Walton County tract in pursuance of an agreement to exchange tracts?" (3) "Did Dickens go into possession of the Oconee County tract in pursuance of an agreement to exchange tracts?" (4) "Did Dickens make valuable improvements such as an owner would make or did he make such improvements as a tenant would make?" (5) "If your answer to the first question is 'Yes,' then answer the next two questions numbered 5a and 5b:" (5a) "Was the agreement between Dickens and Hattaway to the effect that Hattaway was to convey Dickens the tract in Oconee County in consideration of Dickens conveying to Hattaway equity in the Walton County tract, and Hattaway to cancel his debt of three thousand dollars principal against the Walton County tract?" (5b) "Or was the agreement between the parties to the effect that Dickens was to surrender the Walton County tract to Hattaway in consideration of Hattaway canceling the debt against it for three thousand dollars principal, and then selling Dickens the Oconee County tract for sixteen hundred dollars additional money?" In the motion for new trial Hattaway complains that the questions propounded by the judge did not clearly and fully present the issues involved in the case.

*H. C. Tuck* and *Shackelford & Shackelford,* for plaintiff in error.
*Wolver M. Smith, Rupert A. Brown,* and *John J. Strickland,* contra.

HILL, J. (After stating the foregoing facts.) The chancellor may direct the jury to find a special verdict in an equity case, and to this end may propound to them proper questions to be answered; but such questions should present the issues involved clearly and fully to the jury so that the verdict shall unmistakably cover such issues. *Lake* v. *Hardee,* 57 *Ga.* 459; *Brown* v. *Watters,* 61 *Ga.* 23, 24. The questions propounded by the court in this case presented the issues involved with sufficient clearness and fullness.

Besides, after full opportunity, and after a request from the court to suggest questions of fact for submission to the jury, counsel for the losing party complaining of the verdict or decree, because proper questions were not propounded to the jury, ought at least to explain why they were not suggested in due time. *Visage* v. *McKellar*, 58 *Ga.* 140.

Headnotes other than the first do not require elaboration.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*