### 44993. JACKSON v. LAMB et al.

HALL, Presiding Judge. The propounder in a proceeding to have a conformed copy established as his deceased wife's lost or destroyed will, appeals from a superior court jury verdict for the caveators, who had .appealed a finding for the will from the court of ordinary.

In order to reach the only issue all parties agree to be important, we shall assume without deciding that the writing offered was a true copy of the properly drawn and executed will of testatrix, in which propounder was named sole beneficiary. Along with other important papers, the original had been kept for several years in her son-in-law's safe deposit box. Whether it was removed before or after her death is in dispute under the testimony of propounder and the son-in-law. However, both said the will was in perfect condition at the time it was returned to propounder.

Over a continuing objection, the court admitted the testimony of several witnesses (including some of the caveators) which related post-testamentary declarations of the testatrix to the effect that she wanted her children and grandchildren to have her property—to share it equally and keep it in the family. The court also allowed caveator Patricia Lamb to testify she had seen her mother tear up and throw away some papers, similar in size to a will, but that she did not know what the papers were. She also testified to statements her mother made that same day concerning her wishes as to the disposition of her property.

1. Most of propounder's enumerations of error deal with the admission of these declarations. He contends that declarations of intention or desire by a testator, not accompanied by an overt act such as the burning, tearing or obliterating of the will, are not competent as evidence on the issue of revocation. *Hargroves v. Redd*, 43 Ga. 142 (6); *Kimsey v. Allison*, 120 Ga. 413 (47 SE 899); *Pennington v. Perry*, 156

Ga. 103 (118 SE 710); *Mallery v. Young,* 94 Ga. 804 (22 SE 142). He further contends that Mrs. Lamb's testimony on the tearing of papers was not evidence of such an overt act as she could not identify the papers as her mother's will; therefore, even the declarations accompanying that incident would be inadmissible under the above rule.

Propounder's authority, while correct for the general proposition, all deals with probate of original wills and is immediately distinguishable from the factual situation here. *Code* § 113-611 provides: "If a will shall be destroyed without the consent of the testator, or shall be lost or destroyed subsequent to the death of the testator, a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record in lieu of the original; but in every such case the presumption is of revocation by the testator, and that presumption must be rebutted by proof."

In a similar factual situation, *Saliba v. Saliba,* 202 Ga. 791, 798 (44 SE2d 744) interpreted this section: "In every case wherein it is sought to have admitted to probate and record a copy of a lost or destroyed will in lieu of the original, the propounder is confronted with the presumption that the will was revoked by the testator. . . In such a case, declarations of the testator are in this State admissible in evidence either to support or to rebut such presumption, although made at any time between the making of the will and the death of the testator, and although they are not shown to have accompanied any particular act of revocation or attempted revocation; their admissibility not depending upon res gestae."

Propounder's testimony that the will was in existence subsequent to the death of testatrix does not prevent the presumption from arising. It is merely evidence in rebuttal and "whether the presumption has been overcome is for determination by the jury in view of all of the evidence and circumstances in the case, and the credibility attributed by the jury to the witnesses." *Wood v. Achey,* 147 Ga. 571 (3) (94 SE 1021). The court did not err in admitting the declarations.

2. Propounder enumerates the admission of Mrs. Lamb's testimony on the paper-tearing incident as having no probative value and as being highly prejudicial. We believe it is ad-

missible as a circumstance in support of the presumption of revocation under the same reasoning as the declarations. The weight to be attached is, of course, for the jury.

3. Several of propounder's enumerations on portions of the court's charge are without merit for the reasones stated in Division 1.

4. Enumeration No. 16 concerns a portion of the charge to which no objection was made before verdict and which is not harmful as a matter of law. *Royal Frozen Foods v. Garrett,* 119 Ga. App. 424, 427 (167 SE2d 400).

5. The omission of instructions concerning the rebuttable nature of the presumption in one portion of the charge is not error as these instructions were covered in another portion. *Stanley v. Squadrito,* 107 Ga. App. 651 (8, 9) (131 SE2d 227).

6. Error is also enumerated on the charge that the burden of proof was on propounder to establish the copy by "clear and convincing evidence." Since the statute requires that the copy be "clearly proved," and since a charge calling for a "preponderance of the evidence" has been held to be insufficient, we do not believe the phrase "clear and convincing" imposes an undue burden on the propounder. *Fletcher v. Gillespie,* 201 Ga. 377 (4) (40 SE2d 45).

7. All the other enumerations on the court's charge are, if error, harmless.

*Judgment affirmed. Deen and Evans, JJ., concur.*

SUBMITTED JANUARY 13, 1970—DECIDED JANUARY 21, 1970.

*E. J. Clower,* for appellant.
*Cook & Palmour, A. Cecil Palmour,* for appellees.