67124. NELSON v. MILLER et al.

DEEN, Presiding Judge.

As appellee Miller was driving his pick-up truck in the left-hand lane of a suburban Cobb County road, an automobile driven by

appellant Nelson quickly pulled from the right-hand lane into the left lane ahead of Miller and came to a stop preparatory to making a left turn into a driveway. Miller applied his brakes but was unable to stop before hitting the rear of appellant's car, damaging it extensively and causing appellant to sustain injuries. There was disputed testimony as to whether appellant gave any kind of signal prior to changing lanes.

In Nelson's action, in which she alleged negligence against appellee, a jury found for defendant-appellee. Nelson appeals from this judgment, enumerating as error the trial court's jury instruction on accident. She contends that the evidence did not warrant such an instruction, and that the court's giving it denied her a fair trial and caused her to suffer substantial harm as a matter of law. Appellant's counsel on appeal acknowledges that his predecessor, who represented appellant at trial, did not object to the challenged instruction either when initially given or when repeated at the request of the jury. *Held:*

Appellant's counsel contends that, although no objection was made at trial to the jury instruction on accident, nevertheless it constituted harmful error and should be reviewed by this court. The general rule regarding failure to make a timely objection in a civil case is stated in OCGA § 5-5-24 (a) (Code Ann. § 70-207): "[N]o party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. Objection need not be made with the particularity formerly required of assignments of error and need only be as reasonably definite as the circumstances will permit." Failure to object at the prescribed time constitutes waiver of the right to raise the issue on appeal. *Pierce v. Pierce,* 241 Ga. 96 (243 SE2d 46) (1978); *Hunter v. Batton,* 160 Ga. App. 849 (288 SE2d 244) (1982). Counsel is not permitted to gamble on obtaining a favorable verdict by refusing to object to a possibly erroneous instruction or omission, with the expectation that he can assert the error as grounds for a new trial should the verdict be unfavorable. *Christiansen v. Robertson,* 237 Ga. 711 (229 SE2d 472) (1976); *Simmons v. Edge,* 155 Ga. App. 6 (270 SE2d 457) (1980).

Appellant asserts, however, that despite the admitted failure of appellant's counsel to make timely objection, the situation in the instant case comes within the exception set forth at OCGA § 5-5-24 (c) (Code Ann. § 70-207): "Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the

charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." *Dixon v. State,* 224 Ga. 636 (163 SE2d 737) (1968). Instances falling within the exception contemplated in subsection (c) are very rare, *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (196 SE2d 149) (1973); and the subsection must be strictly construed so as to avoid emasculation of the provisions of subsections (a) and (b). *Widener v. Mitchell,* 137 Ga. App. 730 (224 SE2d 868) (1976). The provisions of the subsection should be applied, and appellate review performed, only when it appears that a gross injustice has resulted or will result from the alleged error. *Seabolt v. Cheesborough,* 127 Ga. App. 254 (193 SE2d 238) (1972); *Hunter v. Batton,* supra. The error must be a substantial one which is blatantly apparent and prejudicial in order to warrant review under subsection (c). Id.; *Bailey v. Todd,* 126 Ga. App. 731 (191 SE2d 547) (1972), cert. denied, 409 U. S. 1113 (93 SC 927, 34 LE2d 696) (1973). The allegedly erroneous instruction must raise a question as to whether the appellant has been deprived of a fair trial as a result of the challenged instruction. *Dendy v. MARTA,* 163 Ga. App. 213 (293 SE2d 372) (1982); rev'd on other grounds 250 Ga. 538 (299 SE2d 876) (1983); *Simmons v. Edge,* supra.

We cannot agree that in the instant case the instruction on accident constituted an error — if error it was — of such magnitude as to require reversal of the judgment below. Sufficient competent evidence was adduced to authorize a jury to find that appellant's act of rapidly changing lanes and coming to a stop was negligence that proximately caused the collision. The record discloses no evidence that the jury's verdict in favor of appellee was based on the accident theory rather than a theory of comparative negligence. See *Dendy v. MARTA,* supra. Had there been evidence that the verdict was based on accident rather than comparative negligence — and *a fortiori* had the error been preserved — we would be bound to reverse. See *Chadwick v. Miller,* 169 Ga. App. 338 (—— SE2d ——) (1983). Under the circumstances of this case, however, we must apply the "any evidence" standard of review and affirm the judgment below.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 3, 1984.

*Roy E. Barnes,* for appellant.
*E. A. Simpson, Jr., Francis C. Schenck,* for appellees.