## A90A1218. CLARKE v. COX.
(397 SE2d 598)

DEEN, Presiding Judge.

The appellee commenced this action against the appellant, Robert Clarke, and Jeffrey Kielma, to recover for injuries he sustained when the vehicle he was driving was struck by the vehicle owned by Clarke but operated by Kielma. It was undisputed that Kielma had a history of alcohol abuse, and that he was intoxicated at the time of the collision. The basis for liability asserted against Clarke was negligent entrustment. Following trial, the jury returned a verdict against both Kielma and Clarke for $9,998.50 actual damages, $300,000 general damages and $265,000 punitive damages. Clarke brings this appeal from the denial of his motion for new trial. *Held*:

1. Under the theory of negligent entrustment, liability of an owner of a vehicle is predicated upon the negligent act of the owner in lending his vehicle to another person with actual knowledge of the latter's incompetence or habitual recklessness. *Cherry v. Kelly Services*, 171 Ga. App. 235 (319 SE2d 463) (1984). Clarke contends that there was no evidence that he had actual knowledge of Kielma's propensity for driving under the influence before lending the automobile to Kielma.

Before the collision in this case, Kielma had accumulated several violations of driving under the influence, and his driver's license was suspended. Clarke and Kielma had known each other since 1975 and had been roommates for almost a year prior to the collision. Kielma testified that his usual habit was to drink one pint of bourbon each night at home. Although Clarke had a second job on the weekends, he did not work during the weekday evenings and mostly stayed at home. Clarke acknowledged that he had seen Kielma intoxicated before and at times had noticed the odor of alcohol about Kielma. Clarke claimed never to have discussed Kielma's drinking problem with Kielma, but Kielma testified that on one occasion he had remarked to Clarke about Clarke's ability to take an entire week to drink a six-pack of beer, compared to his own habit of drinking an entire pint of bourbon in one sitting. Clarke also knew that Kielma's primary source of transportation was MARTA; in fact, on the day of the collision, he had lent his car to Kielma so that Kielma could get to a job interview more conveniently.

This court has previously noted that "a plaintiff generally must rely upon circumstantial evidence in this type of case," and that circumstantial evidence can support a finding of actual knowledge if it is incompatible with the direct and positive testimony denying actual knowledge. *Ed Sherwood Chevrolet v. McAuley*, 164 Ga. App. 798, 799 (298 SE2d 565) (1982). While there is ample circumstantial evidence that Clarke knew of Kielma's drinking problem, there is no evi-

dence Clarke had actual knowledge that Kielma was currently driving, or had a history of driving, while under the influence of alcohol. It was incumbent upon the plaintiff to prove that Clarke had actual knowledge of Kielma's incompetent driving or facts from which such knowledge could be inferred. *Saunders v. Vikers*, 116 Ga. App. 733, 736 (158 SE2d 324) (1967). Since the evidence supporting the negligent entrustment verdict failed to prove the tort, the trial court erred by denying Clarke's motion for a new trial.

2. Clarke also contends that the evidence did not support the award of punitive damages because no aggravating circumstances were involved, as required by OCGA § 51-12-5. Since we have determined that there was no evidence to support the tort action for negligent entrustment against Clarke, it follows that, "[P]unitive damages are not supportable where the tort is not proved." *Associated Software Consultants &c. v. Wysocki*, 177 Ga. App. 135, 138 (338 SE2d 679) (1985).

We further note that the court did not charge that punitive damages should be considered separately as to each alleged tortfeasor. In fact, the court expressly charged that in considering punitive damages, the jury could consider any driving-while-intoxicated charges to which Kielma had pled guilty before or after the collision. This tended to make Clarke responsible for this factor, too, because the court did not charge that each tortfeasor be considered separately as to punitive damages. Negligent entrustment of a vehicle is a separate tort from the negligence of the driver to whom the vehicle is entrusted. The aggravating circumstances necessary to support an award for punitive damages pursuant to OCGA § 51-12-5 must arise separately from the evidence proving each tort. Accordingly, the trial court's charge and the form of the verdict should provide the jury with guidelines to separately determine the issue of punitive damages for each tort.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 26, 1990.

Smith, Gilliam & Williams, John H. Smith, Steven P. Gilliam, Donald T. Hunt, Catherine H. Hicks, for appellant.

George R. Dean, for appellee.