A92A2340. CLARKE v. COTTON.
A92A2341. CLARKE COMMUNICATIONS, INC. v. COTTON.
(429 SE2d 291)

CARLEY, Presiding Judge.

While under the influence of alcohol, appellant-defendant Robert Clarke crashed a vehicle that was owned by appellant-defendant Clarke Communications, Inc. into a vehicle that was being operated by appellee-plaintiff. Appellee brought suit, seeking to recover for the injuries that he sustained in the collision. The case was tried before a jury and a verdict awarding appellee compensatory and punitive damages was returned. The trial court entered judgment on the jury's verdict and appellants filed motions for new trial. When their motions for new trial were denied, appellants filed separate notices of appeal but identical enumerations of error. The two appeals are hereby consolidated for disposition in this single opinion.

1. Appellants sought a new trial as to punitive damages, on the ground that the jury's award of those damages was excessive. The trial court's denial of appellants' motion for new trial as to this issue is enumerated as error.

Appellants introduced evidence in mitigation of liability for punitive damages. Compare *Cherry v. McCall*, 23 Ga. 193, 194 (2) (1857). The jury, having heard this evidence in mitigation, was nevertheless authorized to return its award of punitive damages based upon Clarke's conduct of driving while under the influence. *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 804 (4) (418 SE2d 604) (1992). "That this award appears to bear no rational relationship to the extent of [appellee's] injury is of no consequence. '(Punitive damages) are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.' [Cit.] The concept of proportionality as a *legal* limitation on the amount of punitive damages applies, in Georgia, only when such damages are given to compensate for wounded feelings. A deterrence award is based on factors, for the most part, unrelated to the injury to any particular victim, and is limited only by the collective conscience of the jury. [Cits.]" (Emphasis in original.) *Hospital Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 762 (2) (386 SE2d 120) (1989), judgment reinstated on remand, 261 Ga. 613 (409 SE2d 501) (1991).

"As a general rule, the size of the award for damages in a case such as this is left to the enlightened conscience of impartial jurors, subject to approval of the trial court. [Cit.] The appellate court will not disturb the award ' "absent an award so excessive or inadequate

as to shock the judicial conscience." ' [Cits.]" *Davis v. Glaze*, 182 Ga. App. 18, 23 (13) (354 SE2d 845) (1987). "In the case before us, [appellants] moved for a new trial and specifically requested the trial court to review the punitive damages awarded. The trial court declined to set the award aside. We have reviewed the evidence presented in this case and hold, under the circumstances presented, the trial court did not abuse its discretion in refusing to overrule the jury's punitive damage award." *Hospital Auth. of Gwinnett County v. Jones*, 259 Ga., supra at 766 (5).

2. In its charge on punitive damages, the trial court quoted the applicable language of OCGA § 51-12-5.1 (b), to the effect that such damages could be awarded only if it was "proven by clear and convincing evidence that [appellants'] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Appellants had submitted requests to charge which purported to explicate the concept of "clear and convincing evidence." The trial court's failure to give these requested charges is enumerated as error.

It is the concept of "clear and convincing evidence" as enunciated in *Santosky v. Kramer*, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982) that is applicable in Georgia. See *Blackburn v. Blackburn*, 249 Ga. 689, 692 (2) (292 SE2d 821) (1982). Accordingly, "clear and convincing evidence" is considered in this state to be "an intermediate standard of proof. . . ." *Santosky v. Kramer*, supra at 756 (II). It is a standard of proof which is *greater* than the preponderance of the evidence standard ordinarily employed in civil proceedings, but *less* than the reasonable doubt standard applicable in criminal proceedings. See *Santosky v. Kramer*, supra at 768 (IV).

Included among appellants' requested instructions was one which set forth the correct principle that "clear and convincing evidence" constituted a greater standard of proof than the preponderance of the evidence standard. See *Barber v. Perdue*, 194 Ga. App. 287, 289 (390 SE2d 234) (1989). However, none of appellants' requests *also* sets forth the correct principle that "clear and convincing evidence" was a lesser standard of proof than that of proof beyond a reasonable doubt. Indeed, appellants requested that the jury be instructed that "clear and convincing evidence" "is the same as proof to a reasonable certainty." This is an erroneous statement of the law, since a jury instruction that "the minds of the jury must be satisfied to a reasonable certainty is equivalent to an instruction that they must be satisfied *beyond a reasonable doubt.* [Cits.]" (Emphasis supplied.) *Hattaway v. Dickens*, 163 Ga. 755 (2a) (137 SE 57) (1927). As the "clear and convincing evidence" standard is *less* than the reasonable doubt standard, it obviously was not error to refuse to give a charge which

would be the equivalent of instructing the jury that appellee had the burden of proving appellants' liability for punitive damages *beyond* a reasonable doubt.

Accordingly, the issue for resolution in the instant case becomes whether it is error for a trial court to refuse a requested instruction which would inform the jury *only* that "clear and convincing evidence" is a greater standard of proof than the preponderance of the evidence standard. Such an instruction would certainly not properly characterize "clear and convincing evidence" as being an *intermediate* standard of proof and would leave the jury without any guidance whatsoever as to the extent to which the "clear and convincing evidence" standard was greater than the preponderance of the evidence standard. Without instruction as to parameters, the jury might erroneously conclude that appellee was required to prove appellants' liability for punitive damages beyond a reasonable doubt or by an even higher standard of proof. Although appellee was required to prove appellants' liability for punitive damages by more than a preponderance of the evidence, he was certainly not required to prove their liability for those damages beyond a reasonable doubt or by evidence which was unequivocal or undisputed.

It necessarily follows that a requested instruction which would inform the jury *only* that the "clear and convincing evidence" appellee was required to adduce to recover punitive damages must be greater than a preponderance of the evidence would be argumentatively incomplete. "A refusal of a request to charge on a collateral issue which is incomplete within itself is not reversible error." *Bennett v. State*, 67 Ga. App. 384 (2) (20 SE2d 193) (1942). "A request for instruction to the jury must be correct as a whole. It should be perfect in itself, or the court should refuse it. [Cits.]" *Bridges v. Donalson*, 165 Ga. 228, 233 (5) (140 SE 497) (1927). " 'The court may refuse requests which need qualifications, modification or restriction. It has been said that unless the charge ought to be given in the very terms in which requested, it should be refused altogether. The trial court is not under any obligation to rewrite an instruction which either party requests to be given.' " *Tatum v. State*, 57 Ga. App. 849, 853 (3) (197 SE 51) (1938). "It is not error to refuse to charge a request which is not in all respects abstractly correct, or which, if given in the exact language of the request would be misleading or confusing. Standing alone, [appellants'] request would seem to contain a correct principle of law but too broadly couched to make the refusal to give it exactly as requested reversible error." *Cutler-Hammer, Inc. v. Bell*, 84 Ga. App. 316, 319 (2) (66 SE2d 345) (1951).

*Judgments affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 17, 1993 —

*Lokey & Bowden, Peter K. Kintz, Totsy Nichols*, for appellant.
*Jones, Cork & Miller, John T. Mitchell, Jr., Brandon A. Oren, Thomas W. Joyce*, for appellee.