S93G0995. CLARKE et al. v. COTTON.
(440 SE2d 165)

HUNT, Presiding Justice.

The issue presented in this appeal is whether the trial court was required, in its charge to the jury, to define "clear and convincing evidence" necessary to support an award of punitive damages under OCGA § 51-12-5.1 (b). We granted certiorari to the Court of Appeals in *Clarke v. Cotton,* 207 Ga. App. 883 (429 SE2d 291) (1993) wherein that court held the trial court did not err in failing to so charge the jury. Although we hold the trial court should have charged the jury on the definition of clear and convincing evidence, we affirm the Court of Appeals because we find the defendants did not preserve their claim that the trial court's error in this regard was harmful.

Cotton brought this action against Clarke, Jr. and Clarke Communications for compensatory and punitive damages resulting from a collision between his vehicle and one driven by Clarke, Jr., who was intoxicated and driving a vehicle owned by Clarke Communications. Following the first stage of the bifurcated trial, the jury awarded Cotton compensatory damages and found punitive damages should be awarded in Cotton's favor against both defendants. Following additional argument on the issue of punitive damages, the jury awarded the maximum amount authorized under OCGA § 51-12-5.1 (g), $250,000, against both defendants together.

The trial court properly charged that two standards of proof applied in this case: the preponderance of evidence standard with regard to liability for compensatory damages, and "clear and convincing evidence" with regard to liability for punitive damages. However, while the trial court provided the jury a definition of "preponderance of the evidence," he refused to give the defendants' requests to charge defining "clear and convincing evidence" and did not otherwise define that standard. The Court of Appeals correctly noted that "clear and convincing evidence" is an intermediate standard of proof, greater than "the preponderance of evidence," but less than the "beyond a reasonable doubt" standard applicable in criminal cases, and, in rare instances, certain civil cases. Nevertheless, the Court of Appeals held the trial court did not err in failing to charge a definition of clear and convincing evidence because the defendants' proposed charges were either incomplete or incorrect, and because the issue of punitive damages was collateral to the main issues in the case.

We disagree. While a trial court's failure to give a request to charge on a collateral issue, which request is incomplete or incorrect,

is not reversible error, *Clarke v. Cotton*, supra, 207 Ga. App. at 885 (2), the issue of punitive damages in this case was by no means collateral. Rather, the defendants' liability for punitive damages was the focus of arguments on both sides, as the defendants essentially conceded liability for the accident itself, and Cotton's actual damages were minimal. We agree with the defendants that under circumstances such as those presented in this case, where two different standards of proof apply, and even in the absence of a request to charge, see *Claxton v. Claxton*, 214 Ga. 715, 719 (2) (107 SE2d 320) (1959), the court is obligated to define both standards to avoid misleading or confusing the jury.[1]

Nevertheless, we affirm the Court of Appeals and the trial court because the defendants failed to make any objection which would preserve a claim that the trial court's error was harmful. There was no harm with regard to punitive damages against Clarke, Jr. because the overwhelming evidence showed a "conscious indifference to consequences" on his part, more than meeting the clear and convincing standard of OCGA § 51-12-5.1 (b). The error in the charge might have been harmful, and any harm would have been apparent with regard to a punitive damage award against Clarke Communications, had the trial court instructed the jury, as it should have, that they consider punitive damages separately as to each tortfeasor, based on the aggravating circumstances arising from evidence proving each tort: negligent driving regarding Clarke, Jr., and negligent entrust-

---

[1] The trial court's charge on preponderance of the evidence was substantially the same as that provided in the Suggested Pattern Jury Instructions (see Preliminary General Instructions D and E). We recognize there is no charge on "clear and convincing evidence" contained in the Suggested Pattern Jury Instructions. An appropriate charge would indicate that "clear and convincing evidence" is an intermediate standard of proof, requiring a higher minimum level of proof than the preponderance of the evidence standard, but less than that required for proof beyond a reasonable doubt. *Santosky v. Kramer*, 455 U. S. 745, 756 (II), 768 (IV) (102 SC 1388, 71 LE2d 599) (1982); *Blackburn v. Blackburn*, 249 Ga. 689, 692 (2) (292 SE2d 821) (1982); see also Annotation: Standard Of Proof As To Conduct Underlying Punitive Damage Awards — Modern Status, 58 ALR4th 878, 882-883, § 2[a] (1987); 30 AmJur2d 334-336, Evidence, § 1162; McCormick on Evidence (4th ed.), Vol. 2, pp. 441-445, § 340.

One of the defendants' proposed charges in this case correctly stated that clear and convincing evidence was a greater standard of proof than the preponderance of the evidence standard. The Court of Appeals held that the charge was incomplete. However, it was an accurate statement of the law, and it would have been preferable, and not error for the court to have given the charge distinguishing the two different standards of proof in this case rather than giving no charge at all on the issue. The other charge on this point proposed by the defendants equated clear and convincing evidence with "proof to a reasonable certainty." The defendants' support for this charge was based on cases pertaining to the standard of proof required for a parol contract for land, which standard has been defined as one requiring that the minds of the jury be satisfied "to a reasonable certainty," equivalent to "beyond a reasonable doubt." *Hattaway v. Dickens*, 163 Ga. 755 (2) (a) (137 SE 57) (1927). We agree with the Court of Appeals that this proposed charge was an incorrect statement of law regarding the clear and convincing standard of evidence applicable in this case.

ment of the vehicle regarding Clarke Communications. *Clarke v. Cox*, 197 Ga. App. 83, 84 (2) (397 SE2d 598) (1990). Here, however, counsel for the defendants acquiesced in the trial court's instructions authorizing the jury to return a verdict for punitive damages against both defendants together, without any distinction between them.[2] Accordingly, the defendants have waived any claim that the trial court's error in its charge was harmful.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins, Hunstein, JJ., and Judge K. Dawson Jackson concur. Carley, J., disqualified.*

JACKSON, Judge, concurring.

I concur with the majority opinion herein. However, whereas the majority has determined that when two different standards of proof apply, the trial court is obligated to define both standards to avoid misleading or confusing the jury, while also acknowledging that there is presently no charge on the "clear and convincing evidence" standard in the Suggested Pattern Jury Instructions, I would propose the foregoing prospective definition of "clear and convincing evidence" be adopted for the benefit of the bench, bar, and trial jury:

> CLEAR AND CONVINCING EVIDENCE: Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence, but less than beyond a reasonable doubt.

See Ala. Code Sec. 6-11-20 (b) (4) (1975). It is noteworthy that the

---

[2] Indeed, given the unobjected to verdict form, and the trial court's charge, the jury could not have rendered separate verdicts for punitive damages against each defendant. During the first phase of the trial, the defendants did not object to the verdict form regarding liability for punitive damages, which gave, as the *only* option for liability for those damages: "We, the Jury, find the plaintiff is entitled to punitive damages against Robert G. Clarke, Jr. and Clarke Communications, Inc." Nor did defendants object to the trial court's charge following the punitive damages portion of the trial that the jury's verdict state: " 'We the jury, find for the plaintiff against the defendants as punitive damages the amount of,' you will fix that amount in your verdict and sign it and then return it back into court." When the trial court asked if there were exceptions to this charge, defendants' counsel specifically stated he had none.

Unlike a situation of agency, involving employer and employee, the negligence of this driver and the negligence of the entity entrusting the vehicle to the driver, are two separate torts and, as the Court of Appeals correctly observed in *Clarke v. Cox*, supra, each of these defendants was entitled to separate consideration as to the propriety and amount of any punitive damages.

foregoing provision is a part of the Alabama punitive damage statutory scheme.

This definition provides additional clarity and consistency of application, and should aid in eliminating requests for further instruction by the trial jury and counsel regarding the "clear and convincing evidence" standard. Whereas Georgia has recognized this quantum of proof in a number of instances in addition to the imposition of punitive damages pursuant to OCGA § 51-12-5.1 (b),[3] and having otherwise determined that this is an essential jury instruction, the above proposed definition would appear to provide a more complete explanation of this standard.

In this regard, "clear and convincing evidence" has been defined as evidence having a "high capability of inducing belief," *Horner v. Flynn*, 334 A2d 194, 199-200 (Me. 1975), such that "the fact finder's mind is left with an abiding conviction that the evidence is true." *In re Sedillo*, 498 P2d 1353, 1355 (N.M. 1972). Black's Law Dictionary (5th ed. 1979) at 227 defines clear and convincing proof as

> that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established; it is intermediate, being more than [a] mere preponderance, but not to [the] extent of such certainty as is required beyond [a] reasonable doubt as in criminal cases.

Further, "clear and convincing evidence" has been defined as evidence making the truth of the facts asserted "highly probable," *Coca Cola Bottling Co. v. Stripling*, 622 S2d 882 (Ala. 1993); McCormick on Evidence (4th ed.), Vol. 2, p. 442, § 340, and as producing in the minds of the fact finder a firm belief or conviction as to the truth of the facts sought to be established. *Seemann v. Seemann*, 355 SE2d 884 (Va. 1987); *State v. Schiebel*, 564 NE2d 54 (Ohio 1990).

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED FEBRUARY 28, 1994.

*Lokey & Bowden, Peter K. Kintz, Totsy Nichols*, for appellants. *Jones, Cork & Miller, John T. Mitchell, Jr., Brandon A. Oren*,

---

[3] See, e.g., Imposition of resulting trusts, OCGA § 53-12-92 (c); Determining rights of survivorship, OCGA § 7-1-813; Substitution of a copy of a lost will, OCGA § 53-3-6; *Jackson v. Lamb*, 121 Ga. App. 44, 46 (6) (172 SE2d 449) (1970); Termination of parental rights, OCGA § 15-11-81 (a); *Blackburn v. Blackburn*, 249 Ga. 689, 692 (2) (292 SE2d 821) (1982); Civil commitment proceedings, OCGA § 37-7-1 (12).