## A98A1223. WILSON WELDING SERVICE v. PARTEE.
### (507 SE2d 168)

BEASLEY, Judge.

Wilson Welding Service (Wilson) appeals the determination of damages arising from a default judgment entered in its favor. It contends the court improperly awarded it damages for breach of contract rather than for fraud and that the award should have included punitive damages.

Wilson filed suit against Charles M. Partee on an open account and also claimed Partee was stubbornly litigious. Partee was served but defaulted. Wilson amended its complaint to include a third count for fraud and sought special and punitive damages and attorney fees. Wilson served Partee with the amendment in accordance with OCGA § 9-11-5 (b), and again Partee did not respond.

Because Partee was in default, the court held a bench trial solely on the issue of damages at which Partee appeared pro se. At the outset, Wilson announced it was proceeding on Count 3 alone. The court entered judgment awarding Wilson all the special damages it sought together with attorney fees "for having to pursue this debt on a commercial account," and pre-judgment interest. The court also stated "The Defendant did contest Plaintiff's claim for punitive damages on the grounds of inceptive fraud. . . . As to Plaintiff's claim of fraud, this Court does not find evidence sufficient to prove fraud on the part of Defendant. Therefore, this Court finds against the Plaintiff on its claim for punitive damages. . . ."

Wilson enumerates three errors: (1) the court improperly based the award on its original claim of open account rather than its fraud claim; (2) it improperly concluded there was insufficient evidence of fraud because in a default the allegations of the complaint are deemed admitted; and (3) it erred by failing to award punitive damages. The fourth enumeration of error is not supported by argument or citation of authority and is deemed abandoned. Court of Appeals

Rule 27 (c).

The measure of damages in an action for fraud is the actual loss sustained.[1] The damages in a fraudulent inducement claim may be similar if not identical to the damages in a breach of contract claim arising out of the same events. It may be inferred from the wording of the findings of fact and conclusions of law and the transcript of the trial that the court awarded the principal, pre-judgment interest and attorney fees as damages for Wilson's tort claim.[2] "Assuming . . . the [findings of fact and conclusions of law were] ambiguous and susceptible of two constructions, one of which would uphold the judgment of the trial court and one which would not, that construction which would uphold both the verdict and judgment is to be applied."[3]

With regard to punitive damages, it is true that Partee was in default as to the fraud claim. Parties already in default have 30 days from the date a complaint is amended to file an answer before becoming in default on the amendment.[4] Further, all well-pled claims including those supporting liability for punitive damages are deemed admitted and supported by evidence, and punitive damages may be awarded in a case of default judgment.[5]

But the determination of liability for punitive damages and the amount of punitive damages are two separate issues.[6] Only liability for punitive damages results from the default; that is, Partee was subject to such an award. The amount of this type of damages is based on the enlightened conscience of the jury, or in this case, the court.[7] An award of punitive damages will not be disturbed on appeal unless it is "so excessive or inadequate as to shock the judicial conscience"[8] to the degree that a judgment entered thereon constitutes an error of law.

Here the trial court did not find any significant amount of fraud. It was within the trial court's authority to award no punitive damages despite the fact that the default judgment established liability

---

[1] *Southern Cellular Telecom v. Banks*, 208 Ga. App. 286, 291 (4) (431 SE2d 115) (1993); *Kimball v. Perrier*, 229 Ga. App. 30, 32 (492 SE2d 913) (1997).

[2] See, e.g., *West v. Nodvin*, 196 Ga. App. 825, 831 (4) (397 SE2d 567) (1990) (award of principal and interest consistent with fraudulent inducement claim).

[3] Id.

[4] See *Teamsters Local 515 v. Roadbuilders, Inc., of Tenn.*, 249 Ga. 418, 420 (1) (291 SE2d 698) (1982). The party in default must be served with the amendment in accordance with OCGA § 9-11-5 (b).

[5] *Hill v. Johnson*, 210 Ga. App. 824, 825 (437 SE2d 801) (1993); OCGA § 9-11-55 (a).

[6] OCGA § 51-12-5.1; see generally *Webster v. Boyett*, 269 Ga. 191, 192-194 (496 SE2d 459) (1998).

[7] *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 764 (5) (b) (386 SE2d 120) (1989).

[8] (Citations and punctuation omitted.) *Clarke v. Cotton*, 207 Ga. App. 883-884 (1) (429 SE2d 291) (1993).

for them in that the fraud, which was admitted as a matter of law, was deemed de minimis.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 15, 1998 —
RECONSIDERATION DENIED OCTOBER 5, 1998 —

*Robert P. Wilson*, for appellant.
Charles M. Partee, *pro se.*