## A08A1087. WALLER et al. v. RYMER.
(668 SE2d 470)

BERNES, Judge.
Appellee Garland V. Rymer filed a lawsuit against appellants John Waller and Gospel Light Baptist Tabernacle, Inc., seeking damages for claims of malicious prosecution, false swearing, slander, and intentional infliction of emotional distress. The appellants defaulted and, following the entry of default judgment, the jury awarded Rymer compensatory and punitive damages, as well as

attorney fees. Appellants challenge the damage award, asserting that the trial court erred in its charge to the jury, submitted an improper verdict form, and erroneously failed to bifurcate the proceedings for compensatory and punitive damages. We affirm.

The facts admitted by way of default and supported by the evidence adduced at trial were as follows. Rymer, a 70-year-old man, was an officer and member of Westwood Baptist Church, Inc. For at least ten years prior to the incidents in question, Westwood had been holding its church services on property that it leased from Gospel Light. Westwood timely paid Gospel Light rent every month in exchange for its use of the property. Waller was an agent of and acting on behalf of Gospel Light.[1]

Sometime prior to September 2004, Waller became angry with Rymer and forbade him from returning to the Westwood property. On September 8, 2004, law enforcement officers interrupted a Westwood church service and forcibly removed Rymer from the property in response to Waller's criminal trespass allegations. Rymer was later arrested on a criminal warrant that was issued based on Waller's allegations of trespass. Rymer was detained for at least six hours in a small city jail cell before he was transported to the county jail, processed, and released after posting bond. In total, he spent nearly 11 hours in custody.

Further investigation by the officer who obtained the arrest warrant revealed that Westwood was a lawful tenant and that Waller had taken no steps to lawfully evict Westwood from the property. The officer concluded that Waller lacked the authority to ban Rymer from the property. The solicitor-general subsequently elected not to prosecute Rymer.

Waller nevertheless sought and obtained a second criminal warrant for Rymer's arrest on October 20, 2004. In the warrant application, Waller asserted the same allegations of criminal trespass, but neglected to inform the magistrate court of the earlier charge and its subsequent dismissal. Rymer was again arrested and spent several hours in the county jail before being permitted to post bond and return to his home. The solicitor-general also elected not to prosecute the second case against Rymer.

Rymer filed a complaint against Waller and, under the theory of respondeat superior, Gospel Light, seeking to recover compensatory and punitive damages, along with attorney fees, arising from Waller's malicious prosecution, false swearing, slander, and intentional infliction of emotional distress. Appellants failed to file an

---

[1] Jerry L. Waller, Sr., Waller's father, was the CEO of Gospel Light and was originally party to the instant lawsuit. He was dismissed from the case following his death.

answer to the complaint and the trial court entered an order of judgment by default.

The case then proceeded to trial on the sole issue of damages. Rymer testified extensively as to the shame and humiliation that he felt when the law enforcement officers evicted him from his church in front of the congregation and later when an officer came to his home to execute the second warrant. He also testified to the constant anxiety he and his wife experienced in anticipation of Waller's next action. Waller defended himself pro se and neither testified nor offered any evidence to rebut the allegations in the complaint or the evidence presented during the trial.[2] Gospel Light, a corporation that could not be represented by Waller,[3] failed to make an appearance. The jury awarded Rymer compensatory and punitive damages, as well as attorney fees, jointly and severally against both appellants, and the trial court entered judgment on the verdict.

Waller then filed a motion for new trial and the trial court held a hearing on Waller's motion. Gospel Light was not a party to Waller's motion nor did it make an appearance at the hearing.

1. Appellants first contend that the trial court erred in failing to define for the jury the "clear and convincing" legal standard applicable to a grant of punitive damages. The jury was instructed that two different standards of proof applied in this case: the preponderance of the evidence standard with respect to liability for compensatory damages, and the clear and convincing evidence standard with respect to liability for punitive damages. The trial court went on to define the preponderance of the evidence standard, but did not define the clear and convincing evidence standard.

Appellants made no objection at trial to the court's failure to give the instruction and also failed to raise this argument in their motion for new trial; consequently, they cannot now be heard to complain on appeal. *Duke v. S & J Marble*, 277 Ga. App. 331, 332 (2) (626 SE2d 507) (2006) ("[F]ailure to raise issue by objection or in motion for new trial waives argument on appeal.") (citation omitted); *Nelson v. Miller*, 169 Ga. App. 403, 404 (312 SE2d 867) (1984) ("No party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects

---

[2] Instead, Waller focused exclusively on Rymer's failure to produce a signed lease between Westwood and Gospel Light. But he did not dispute that Westwood had been a lawful tenant on the property for more than ten years and he admitted that he had not undertaken any civil processes to evict it from the property.

[3] See *Columbus Transmission Co. v. Murry*, 277 Ga. App. 243, 244 (1) (626 SE2d 202) (2006) ("[H]aving accepted the benefits of incorporation[,] i.e., protection of individual shareholders from personal liability, a corporation must also accept the burdens, including the need to hire counsel to sue or defend in court.") (punctuation and footnote omitted).

and the grounds of his objection.'') (citation and punctuation omitted). See OCGA § 5-5-24 (a).

Appellants nonetheless argue that, despite the admitted waiver, the court's failure to give the charge constituted reversible error under the exception set forth in OCGA § 5-5-24 (c). That statute provides that "[n]otwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." OCGA § 5-5-24 (c). We have held that "[i]nstances falling within the exception contemplated in subsection (c) are very rare, and . . . should be applied, and appellate review performed, only when it appears that a gross injustice has resulted or will result from the alleged error." (Citations omitted.) *Nelson*, 169 Ga. App. at 405. See *Henderson v. Glen Oak, Inc.*, 179 Ga. App. 380, 382 (4) (346 SE2d 842) (1986) ("The allegedly erroneous instruction must raise a question as to whether the appellant has been deprived of a fair trial as a result. . . .") (citation and punctuation omitted). "The error must be a substantial one which is blatantly apparent and prejudicial in order to warrant review under subsection (c)." *Nelson*, 169 Ga. App. at 405.

Even assuming that the trial court erred in failing to give the instruction, see *Clarke v. Cotton*, 263 Ga. 861, 862 (440 SE2d 165) (1994), the error in this case does not fall within subsection (c) for two reasons. First, the overwhelming and unrebutted evidence presented at trial illustrated a "conscious indifference to consequences" on the part of Waller, and therefore Gospel Light, and easily satisfied the applicable clear and convincing standard. OCGA § 51-12-5.1 (b). See *Cotton*, 263 Ga. at 862. Compare *H & H Subs v. Lim*, 223 Ga. App. 656, 658-659 (2) (478 SE2d 632) (1996) (denial of defendant's request to charge "clear and convincing" definition harmful when the evidence was sufficient to submit the punitive damage issue to the jury but was otherwise not overwhelming). Second, appellants' liability for punitive damages had already been established as a matter of law by way of their default, leaving only the amount of damages to be determined by the jury. See *Wilson Welding Svc. v. Partee*, 234 Ga. App. 619, 620 (507 SE2d 168) (1998), overruled on other grounds, *Shields v. Gish*, 280 Ga. 556 (629 SE2d 244) (2006). The trial court's failure to define clear and convincing thus did not result in a gross injustice warranting reversal under the facts of this case. See *Cotton*, 263 Ga. at 862; *Nelson*, 169 Ga. App. at 404-405. Compare *Foskey v. Foskey*, 257 Ga. 736, 736-737 (2) (363 SE2d 547) (1988) (reversal required despite failure to object when jury charge directly misled the jury).

2. (a) Appellants also argue that the trial court erred in failing to instruct the jury that punitive damages must be considered separately as to Waller and Gospel Light. See *Clarke v. Cox*, 197 Ga. App. 83, 84 (2) (397 SE2d 598) (1990). Appellants waived this argument by failing to object at trial to the court's instructions. *Cotton*, 263 Ga. at 863.

> [Appellants] acquiesced in the trial court's instructions authorizing the jury to return a verdict for punitive damages against both [appellants] together, without any distinction between. Accordingly, [appellants] have waived any claim that the trial court's error in its charge was harmful.

(Footnote omitted.) Id.

Nor could appellants show harm stemming from the absence of the charge. The default judgment established definitively that Waller was an agent of Gospel Light and was acting on its behalf when he filed affidavits and had Rymer arrested for criminal trespass. Gospel Light's liability stemmed directly from Waller's conduct under the theory of respondeat superior. Since Waller's actions were sufficient to sustain an award of punitive damages, it follows that Gospel Light was also liable for those damages. *Johnson v. Allen*, 272 Ga. App. 861, 869 (8) (613 SE2d 657) (2005); *Sightler v. Transus, Inc.*, 208 Ga. App. 173, 174 (430 SE2d 81) (1993). Compare *Cox*, 197 Ga. App. at 84 (2) (noting, after finding the evidence as to punitive damages insufficient, that the trial court erred in failing to instruct the jury that each tortfeasor should be treated separately when the liability of the joint tortfeasor was based upon a separate tort than that of the primary actor).

(b) Appellants contend that the trial court erred by failing to provide the jury a verdict form that would separate punitive damages by each appellant and each separate tort. Again, appellants failed to object at trial to the form of the verdict or to raise this issue in its motion for new trial; therefore it will not be considered on appeal. *Cotton*, 263 Ga. at 863; *Duke*, 277 Ga. App. at 332 (2). "If the form of the verdict was improper, it was incumbent upon [appellants] to make [their] objections as to the irregularity of the form at the time of its rendition or the objection is waived." (Footnote omitted.) *Premier Cabinets v. Bulat*, 261 Ga. App. 578, 581-582 (4) (583 SE2d 235) (2003). See *Henderson*, 179 Ga. App. at 382 (4).

3. Appellants further argue that the trial court erred in failing to bifurcate the proceedings in accordance with OCGA § 51-12-5.1 (d). It is clear from the record that the trial court announced its intention to hear all of the evidence related to damages at one time, since the issue of liability had been established by appellants' default. See

*Wilson Welding Svc.*, 234 Ga. App. at 620. As before, appellants failed to raise an objection at that time and therefore cannot contest the trial court's procedure on appeal. *Wise Moving & Storage v. Rieser-Roth*, 259 Ga. App. 832, 834 (1) (578 SE2d 535) (2003); *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 675 (3) (563 SE2d 533) (2002); *Shaw v. Ruiz*, 207 Ga. App. 299, 300 (1) (428 SE2d 98) (1993).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 6, 2008.

*King & Yaklin, Russell D. King, Matthew M. Wilkins*, for appellants.

*Sams & Cole, Henry B. Sams, Frankie L. Fulton*, for appellee.