A92A2052, A92A2053. SOUTHERN CELLULAR TELECOM INC.
et al. v. BANKS; and vice versa.
(431 SE2d 115)

JOHNSON, Judge.

The facts construed most strongly in support of the verdict are as follows: Edward Grenvicz was the primary shareholder and president of Southern Cellular Telecom, Inc. (SCT). From 1987 until the summer of 1989, SCT established 13 subsidiaries, including Southern Cellular Telecom North (SCT North). In several instances, SCT offered a minority interest in the subsidiary corporation as an incentive to an individual who would also serve as the on-site manager. Grenvicz entered into an oral contract with Nancy Banks whereby she would become a 49 percent shareholder in SCT North and its general manager in December 1988. Thereafter, Grenvicz began negotiating the sale of SCT and all of its subsidiaries, including SCT North, to Resurgens Communications Group, Inc. and in May 1989, Grenvicz agreed to sell SCT, including Banks' interest to Resurgens, at more than 18 times earnings. In June 1989, Banks signed a Stock Purchase and Employment Agreement which contained an option allowing SCT to buy back her 49 percent interest in SCT North at 1.5 times net earnings. At the time Banks signed the agreement, Grenvicz advised her that the agreement "was for her protection" and intentionally failed to disclose to her that he had already contracted to sell her interest to Resurgens at 18 times earnings. In July and August 1989, SCT notified Banks of its intent to exercise its purchase option, pursuant to the terms of the Stock Purchase and Employment Agreement.

Banks filed a multi-count complaint against SCT and Grenvicz alleging breach of contract; fraud and deceit; conversion; civil conspiracy; violation of the Georgia RICO Act; equitable accounting; parent corporation control and dominion; constructive trust; disgorgement of property and profits; and money had and received and unjust enrichment. Her fraud and deceit claim was presented to the jury for determination. The remainder of the claims were disposed of either by summary judgment or directed verdict. The jury returned a verdict in favor of Banks for $100,000 in general damages, $150,000 in punitive damages and reasonable attorney fees which were awarded pursuant to the jury's finding that the appellants had acted in bad faith in the transaction.

The appellants appeal from the judgment entered on the verdict and the denial of their motions for j.n.o.v. and for a new trial. Banks cross-appeals from the trial court's entry of a directed verdict in favor of the appellants on the breach of contract claim and from the order granting summary judgment on her conversion claim, her Georgia RICO claim and her claims involving federal and state securities law violations.

## Case No. A92A2052

1. Appellants contend that the trial court erred in denying their motion to vacate two orders granting Banks' motions to file first and second amendments to the complaint and pretrial order. The appellants concede, and the record shows, that the claims which were added by the order granting the motions were ultimately disposed of *in favor of the appellants* by directed verdict and other rulings during the trial. We need not address this assignment of error on its merits for it is well settled that harm as well as error must be shown to authorize a reversal. *Stamey v. State*, 194 Ga. App. 305, 309 (4) (390 SE2d 409) (1990).

2. During Banks' opening statement the appellants moved for a mistrial on the basis that they had been prejudiced by improper argument. The trial court has broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by this court unless it appears there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right of fair trial. *Apac-Georgia v. Padgett*, 193 Ga. App. 706, 708 (1) (388 SE2d 900) (1989). Furthermore, after reviewing the transcript, we are unable to find any language or improper argument which would warrant a mistrial. The transcript shows that the appellants did not object to the specific language in the opening statement about which they now complain. Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. *Warren v. Jenkins*, 190 Ga. App. 442, 443 (2) (379 SE2d 19) (1989).

3. Appellants contend that the trial court erred in denying their motions for directed verdict and j.n.o.v. on Banks' fraud and deceit claim because Banks failed to prove that if she had known of the material terms of the pending transaction between SCT and Resurgens she would not have signed the agreement. Appellants also assert that Banks failed to prove the value of her interest in SCT North.

Banks testified that if she had been aware of the value of SCT and the high price/earnings ratios she would not have signed the agreement allowing SCT to purchase her interest at 1.5 times earnings. The President and Chief Executive Officer of Resurgens testified that price and value are always important in matters involving the acquisition or sale of companies.

We find no merit in the appellants' argument that Banks was not competent to testify regarding the value of her ownership interest. Even if the appellants had properly preserved their argument, Banks was competent to testify on the issue. An owner may offer opinion evidence as to the value of her property. See OCGA § 24-9-66. Banks testified that in her opinion the fair market value of her 49 percent interest was $367,500 on the date the SCT-Resurgens transaction

closed. It is undisputed that the purchase price under the stock purchase agreement was only $45,239. In addition to Banks' valuation, a qualified business evaluations expert testified that Banks' interest in SCT North was worth between $500,000 and $600,000.[1]

Because Banks presented evidence regarding the materiality of the nondisclosure and the value of her interest, a directed verdict or j.n.o.v. in favor of the appellants was not demanded, and the trial court properly denied the appellants' motions. See *Hiers-Wright Assoc. v. Manufacturers Hanover Mtg. Corp.*, 182 Ga. App. 732 (2) (356 SE2d 903) (1987).

4. Appellants contend that the trial court erred in allowing Tom Price, owner of 39 percent of the shares at SCT West, a subsidiary of SCT, to testify as to the alleged value of SCT West. Appellants argue that plaintiff laid no foundation for the testimony and that the testimony was irrelevant.

Price testified that he was a 39 percent shareholder of SCT West as well as its business manager. He personally compiled activity reports, showing cash, gross sales, and profits. He also based his opinion regarding the market value of SCT West upon published reports of the price of the SCT acquisition by Resurgens and the value placed on SCT arising from that transaction. Banks laid a sufficient foundation for Price's testimony regarding the value of SCT West.

Price testified that SCT West was first in sales, and SCT North was second in sales. Banks asserts that Price's testimony regarding the value of SCT West was offered to show the value of SCT North. This testimony was relevant to the issue of whether SCT acted in bad faith. "Evidence is relevant if it relates to the questions being tried by the jury, either directly or indirectly, tends to illustrate or explain the issue, or aids the jury in arriving at the truth." (Citations and punctuation omitted.) *Yelverton v. State*, 199 Ga. App. 41, 42 (1) (403 SE2d 816) (1991). We find no error.

5. Appellants next complain that the trial court erred in admitting the testimony of Joy Henson and Mara Velaney, two shareholders in SCT West. The appellants argue that the testimony of these witnesses should have been excluded from evidence because the circumstances about which they testified were not sufficiently similar to be relevant to the subject claim. We disagree. Henson and Velaney testified that in May and June 1989 they signed stock purchase agreements containing an option to buy back their shares at one-and-one-

---

[1] Because Banks affirmed the stock purchase agreement, the appellants also argue that they were entitled to a directed verdict on Banks' fraud claim because a merger clause contained in the agreement precluded her from suing in tort. We find this argument to be without merit because this is not a case involving fraudulent inducement. Compare *Carpenter v. Curtis*, 196 Ga. App. 234, 236 (395 SE2d 653) (1990).

half times earnings; that SCT failed to disclose to them the terms of the Resurgens/SCT transaction set forth in the letter of intent dated May 26, 1989; that they were not paid their interests until long after their interests were acquired by SCT. They testified that had they known of the material facts of the transaction they would not have agreed to sell their interests at such a low rate. This evidence was properly admitted for the purpose of showing fraudulent intent, because the similar acts were committed near the same time, and the same motive could have reasonably been inferred. See *Pope v. Propst*, 179 Ga. App. 211, 214 (2) (345 SE2d 880) (1986). The trial court did not err in allowing the challenged testimony.

6. The appellants contend that the trial court erred in giving cumulative jury charges on fraud. The three charges complained of were repeated twice. "Mere repetition of a principle of law is not reversible error unless it appears, from the charge as a whole, that there is such undue emphasis as to constitute an unfair statement of law." (Citations and punctuation omitted.) *Jones v. Livingston*, 203 Ga. App. 99, 104 (6) (416 SE2d 142) (1992). After reviewing the charge as a whole, we are satisfied that there was not such undue emphasis on the charges on fraud as to constitute an unfair statement of the law.

7. Appellants' seventh enumeration of error challenges certain aspects of the special verdict form. We have reviewed the special verdict form and find that it was in proper form and capable of being reduced to judgment. See generally *Todhunter v. Price,.*248 Ga. 411, 412-413 (1) (283 SE2d 864) (1981). Moreover, the appellants failed to properly object to the verdict form at the time that it was published and therefore waived their right to object on appeal. See id.

8. Appellants contend that the trial court erred in denying their motions to amend the pleadings and pretrial order. This enumeration is without merit. One week before trial, the appellants filed a motion for leave to amend the pleadings and the pretrial order, seeking to add the defenses of waiver and estoppel pursuant to a merger clause in the agreement. The court denied the motion on the grounds that raising such defenses would constitute surprise and delay the trial of the case. The decision to allow an amendment is within the trial court's discretion. *Henderson v. Easters*, 178 Ga. App. 867, 870 (2) (345 SE2d 42) (1986).

After the trial, the appellants again sought to amend the pleadings and the pretrial order arguing that the defenses were tried with express or implied consent of the parties. See OCGA § 9-11-15 (b). The transcript does not reveal that Banks expressly consented to an amendment. We must therefore consider whether she impliedly consented to such an amendment.

Appellants argue that Banks' reference to the merger clause in her motion for partial summary judgment, several witnesses' testi-

mony regarding the clause, and the fact that the stock purchase agreement containing the clause was submitted into evidence all constituted implied consent to the amendment. We find this argument to be without merit. "Where a party does not object to evidence because it is relevant to an issue made by the pleadings, and there is no evidence the party offering such evidence was seeking to amend the pleadings, a non-objecting party can scarcely be held to have given him implied consent to trial of unpled issues." (Citations and punctuation omitted.) *Southern Discount & Co. v. Kirkland*, 181 Ga. App. 263, 267 (3) (351 SE2d 685) (1986). It appears from the record that any evidence regarding the merger clause was incidentally interjected into the evidence at trial because it was relevant to establish the fraud and deceit claim. Under these circumstances, consent will not be implied. See id. The trial court did not abuse its discretion in denying the post-trial motion to amend.

*Case No. A92A2053*

1. Banks contends that the trial court erred in granting summary judgment to the defendants on her conversion claim, ruling that an intangible property interest is not subject to conversion. We disagree. Banks' 49 percent interest in SCT North was an intangible property interest. Banks concedes that under Georgia law, no action can be brought for conversion of an intangible property interest. She argues, however, that the law of conversion in this state should be extended to include intangible property. We are not persuaded by Banks' argument. Conversion is not available as a cause of action with respect to intangible property representing an interest in a business. See generally *Hodgskin v. Markatron*, 185 Ga. App. 750, 751 (1) (365 SE2d 494) (1988). The trial court correctly granted summary judgment to the defendants on this claim.

2. In her second enumeration, Banks contends that the trial court erred in granting the defendants' motion for summary judgment on her claims regarding federal and state securities law violations. We have examined Banks' assertion and find that the stock purchase agreement was merely an employment contract containing an option to buy back her 49 percent interest in SCT. Such a contract does not constitute a security. We find no error.

3. Because Banks' interest in SCT North is an intangible property interest and not a security, her contention that the trial court erred in granting summary judgment in favor of the defendants on her Georgia RICO claim is likewise without merit. See OCGA § 16-14-3 (9) (B).

4. Banks contends that the trial court erred in excluding evidence regarding the profits of SCT North after July 1, 1989, the effective

date of the sale of SCT North to Resurgens. She argues that the exclusion of this evidence prevented her from recovering all of the damages due her in connection with her former interest. It is well settled that the measure of damages in action for fraud and deceit is the actual loss sustained, and if the contract is one of purchase and sale the actual damages are the difference between the value of the thing sold at the time of delivery and what its value would have been if there had been no fraud. *Miner v. Harrison*, 205 Ga. App. 523, 526 (422 SE2d 899) (1992). Because the effective date of the sale of Banks' interest in SCT North was July 1, 1989, as noted, Banks was precluded from introducing evidence to establish any damages she incurred after that date.

5. In her final enumeration of error, Banks contends that the trial court erred in granting the defendants' motion for directed verdict on her breach of contract claim. Banks asserts that she withdraws this assignment of error upon this court's affirmance of the trial court's judgment. We need not address this enumeration of error on its merits.

*Judgments affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 11, 1993 —
RECONSIDERATION DENIED MARCH 31, 1993 ▮▮▮▮▮▮▮

*Hurt, Richardson, Garner, Todd & Cadenhead, Henry D. Fellows, Jr., Hunton & Williams, Kevin A. Ross, Lorna M. Norton, Martha M. Glisson,* for appellants.

*L. Matt Wilson, McCalla, Raymer, Padric, Cobb, Nichols & Clark, C. James Jessee, Jr., Charney K. Berger,* for appellee.