A95A0330. BROOKS et al. v. DIME SAVINGS BANK OF NEW YORK, FSB et al.
A95A0331. SELLERS et al. v. BROOKS et al.
(457 SE2d 706)

POPE, Presiding Judge.

Plaintiffs Suzanne Brooks, Janet Eagan, Frank and Nancy Galvan, Brien Silva and Jeff Provissiero purchased homes in 1987 or 1988. Each had their home appraised in 1990 and discovered that it

was worth less than they thought. Alleging fraud, they sued (among others) the lender, Dime Savings Bank of New York, FSB and Dime Mortgage Company, Inc. (collectively referred to herein as "Dime"); the lender's closing attorney, Michael Sellers and Sellers, Atkinson & Jose, P. C. (collectively referred to herein as "Sellers"); and a realtor who showed two of the plaintiffs their homes, Fred Espy and Re/Max Atlanta Realty Association, Inc. (collectively referred to herein as "Espy"). The trial court granted summary judgment for these defendants, and plaintiffs appeal this grant of summary judgment in Case No. A95A0330. In Case No. A95A0331, defendant Sellers cross-appeals the trial court's denial of its motion to strike the affidavit of Robert Robertson. Because plaintiffs failed to present evidence of damages, we affirm the judgment in Case No. A95A0330 and dismiss Case No. A95A0331 as moot.

Viewing the evidence in a light most favorable to plaintiffs, it appears that Robert Robertson, a developer, conspired with others to artificially inflate the sales price of new homes. The conspirators accomplished this by setting up a straw man purchase of the home at a higher-than-market price, with an assumable, non-qualifying mortgage from Dime. Prospective purchasers were then given the settlement statement showing the purchase price from the prior sale; some of the purchasers were shown prior appraisals as well. Purchasers generally bought the homes for considerably less than the contract price in the prior sale, by assuming the outstanding mortgage and making a small down payment.

Each of the plaintiffs except Eagan bought their homes in transactions fitting this pattern. Unlike the others, Eagan bought her home directly from the developer; but like the others, she later discovered her home was not worth as much as she thought. For purposes of this appeal, we assume that Robertson's co-conspirators included Espy, Sellers and agents of Dime.

*Case No. A95A0330*

1. In order to establish actionable fraud, plaintiffs must show that they have been damaged by the allegedly fraudulent misrepresentation: "Fraud without damage, or damage without fraud, gives no cause of action, but when these two concur an action lies." (Citations and punctuation omitted.) *Stovall Tire &c. v. Prance Body &c. Works*, 179 Ga. App. 483, 484 (347 SE2d 313) (1986); see also *Glynn County &c. Credit Union v. Peagler*, 256 Ga. 342 (2) (348 SE2d 628) (1986); OCGA § 51-6-1. Moreover, plaintiffs must establish the amount of their damages by providing the factfinder with evidence from which it can calculate the amount of the loss with reasonable certainty, as "[t]he question of damages cannot be left to speculation,

conjecture and guesswork." (Citations and punctuation omitted.) *Stovall*, supra at 484.

In this case, the appropriate measure of plaintiffs' loss would be the difference between what they paid for their properties and what those properties were worth at the time of purchase. Yet plaintiffs have no evidence of what their homes were actually worth at the time of purchase. Instead, they have appraisals from more than a year later, without any expert testimony describing fluctuations in the market and explaining how the factfinder can use the later appraisals to estimate value at the earlier point in time. Cf. *Kieffer v. Linton*, 196 Ga. App. 327 (2) (396 SE2d 13) (1990). And contrary to plaintiffs' assertion, Robertson's affidavit is not evidence of damages. That affidavit provides evidence of the general existence of a scheme to inflate the price of homes, but it does not address whether or to what extent the specific transactions at issue here involved inflated prices.

Indeed, the evidence presented suggests they did not. The one plaintiff who looked at recent sales of comparable homes in the area before she purchased her home found that the purchase price of her home was in line with the market at that time. (Some of the comparable homes may have been other properties whose prices were inflated due to the alleged scheme at issue in this case, but some were definitely not.) Another plaintiff consulted a real estate attorney, who also said that the purchase price sounded reasonable for the area. Plaintiffs liked their homes and were basically happy and satisfied with them until they tried to refinance or until they read about the alleged scheme to inflate prices in an attorney's newspaper ad.

Without evidence of even the approximate worth of their homes at the time of purchase, plaintiffs cannot show the existence of damage, much less its extent, with any degree of certainty. Thus, summary judgment was properly granted on this ground.

2. In light of our conclusion in Division 1, we need not address plaintiffs' enumerations addressing the alternative grounds on which the trial court's grant of summary judgment was based.

### Case No. A95A0331

3. Defendant Sellers' cross-appeal is dismissed as moot.

*Judgment affirmed in Case No. A95A0330. Appeal dismissed in Case No. A95A0331. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MAY 16, 1995 —

*Doffermyre, Shields, Canfield & Knowles, Ralph I. Knowles, Jr., R. Hutton Brown III*, for Brooks.

*Shapiro, Fussell, Wedge & Smotherman, Robert B. Wedge, Mary*

L. *Hahn*, for Sellers.
    *McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark*, for Dime Savings Bank.