[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12513
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03414-WSD

STEVEN BELL,

Plaintiff-Counter-Defendant-
Appellant,

versus

J.B. HUNT TRANSPORTATION, INC.,
an enterprise affecting interstate commerce,
KIRK THOMPSON,
individual,
JERRY WALTON,
individual,
JULIE DURROUGH,
individual,
RICH RIGGINS,
individual, et al.,

Defendants-Counter-Claimants-
Counter-Defendants-Appellees,

DOUGH  STEWART,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 20, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Steven Bell, a tax protester, appeals following the dismissal of his *pro se* complaint for lack of subject matter jurisdiction and failure to state a claim for relief. Bell's complaint first sought to register a default judgment against his former employer, J.B. Hunt Transportation, Inc., claiming that an admiralty tribunal had entered a judgment in his favor. The complaint also alleged that J.B. Hunt and six of its employees wrongfully withheld federal taxes from his wages. To support these allegations, the complaint put forth several arguments as to why Bell was not subject to federal taxation. Further, the complaint briefly mentioned that Bell was terminated from J.B. Hunt for opposing its tax-withholding policies.

The district court dismissed for lack of subject matter jurisdiction the portion of the complaint that sought to register a foreign judgment, finding that jurisdiction was not proper under 28 U.S.C. § 1963. The court then dismissed the remainder of the complaint for failure to state a claim, since Bell failed to offer

any legal authority supporting his tax-related arguments.  Notably, the court's opinion did not specifically address Bell's allegations concerning his termination.[1]

On appeal, Bell maintains that he is not subject to federal taxation, and asserts that the court erred in dismissing his tax-related allegations for failure to state a claim.  He first argues that the federal income tax applies only to public employees, since private employees are not explicitly listed in the definition of the term "employee" in 26 U.S.C. § 3401(c).  Second, he contends that federal taxes are based on consent, and that the government has no authority to tax individuals unless they fill out W-4 Forms.  Third, he argues that his income was not "reportable," because 26 U.S.C. § 3406 requires only that an individual report the interest and dividends earned on his investments.  Further, Bell contends that the court improperly refused to consider a proposed amended complaint that he filed approximately four months after his initial complaint.  Because Bell argues that the district court had diversity jurisdiction, he essentially asserts a right to recover under Georgia as well as federal law.

Bell also continues to assert that he was terminated in response to his complaints about tax withholding.  For the first time on appeal, he specifically

---

[1] The court also refused to exercise supplemental jurisdiction over J.B. Hunt's state-law counterclaims.  J.B. Hunt has not cross-appealed the dismissal of those claims.

states that his termination constituted actionable retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") , 42 U.S.C. § 2000e-3(a). Because Bell is proceeding *pro se*, we will consider whether the district court abused its discretion in declining to construe Bell's complaint as raising a claim of retaliatory discharge.

## I.

As an initial matter, issues not briefed on appeal are deemed abandoned, even when the appellant is proceeding *pro se*. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Accordingly, Bell has abandoned his previous objections to several of the district court's rulings, including its refusal to impose sanctions against J.B. Hunt and its dismissal of a portion of his complaint for lack of subject matter jurisdiction. He has also abandoned several additional arguments as to why he was not subject to taxation.

We review *de novo* a grant of a motion to dismiss for failure to state a claim. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). To withstand such motions, the plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In considering a motion to dismiss, courts must generally accept the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

A district court's discretion to dismiss a complaint without leave to amend is restricted by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which directs that leave to amend "shall be freely given when justice so requires." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). In *Bank*, we held that district courts should generally grant an opportunity to amend the initial complaint, even if the plaintiff does not request to do so, "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted." *Id.* Although we subsequently overruled *Bank* while sitting *en banc*, we expressly limited our holding to plaintiffs represented by counsel. *Wagner*, 314 F.3d at 542 & n.2.

The federal income tax applies to an individual's "taxable income," which includes any compensation derived from the performance of services. *See* 26 U.S.C. §§ 61(a)(1) and 63(a). The Internal Revenue Code ("Tax Code") requires employers to withhold income tax from their employees' wages. 26 U.S.C. § 3402. For purposes of the Tax Code, "the term 'employee' *includes* an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing." 26 U.S.C. § 3401(c) (emphasis added). Importantly, the word "'includes' . . . shall not be deemed to exclude other things otherwise within the meaning of the term defined." 26 U.S.C. § 7701.

In order to assist employers with their withholding obligations, the Tax Code provides that each employee "*shall* furnish [his] employer with a signed withholding exemption certificate relating to the number of withholding exemptions which he claims." 26 U.S.C. § 3402 (emphasis added). The Treasury Regulations explain that "Form W-4 is the form prescribed for the withholding exemption certificate *required* to be filed under section 3402(f)(2)" of the Tax Code. Treas. Reg. § 31.3402(f)(5)-1(a).

Under Georgia law, a plaintiff suing for conversion must establish that the defendant engaged in "an unauthorized assumption and exercise of the right of

6

ownership over [the plaintiff's] personal property." *Decatur Auto Center v. Wachovia Bank, N.A.*, 583 S.E.2d 6, 7 (Ga. 2003). In order to establish actionable fraud, a plaintiff must show that he has been damaged by a fraudulent misrepresentation. *Brooks v. Dime Sav. Bank of New York, FSB*, 457 S.E.2d 706, 708 (Ga. App. 1995).

Bell's arguments are completely unsupported by the Tax Code. The federal income tax is a legal obligation extending to all individuals who perform services for compensation, regardless of whether their employment is public or private. Accordingly, Bell's claims—under both state and federal law—could not have been remedied by a more carefully drafted complaint, and the district court did not err in dismissing the complaint without granting leave to amend.

## II.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, the obligation to liberally construe a *pro se* pleading "is not the equivalent of a duty to re-write it for the plaintiff." *Snow v. Direct TV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (alteration omitted). Further, an error by the district court does not constitute grounds for reversal unless it affected a party's substantial rights. Fed.R.Civ.P. 61.

7

Title VII establishes that it is an "unlawful employment practice" to discriminate against an employee on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It also prohibits retaliating against an employee because he has "opposed . . . an unlawful employment practice" covered by the statute. 42 U.S.C. § 2000e-3(a). Before suing under Title VII, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

The First Amendment right to free speech includes the right not to be retaliated against on the basis of protected speech. *See Castle v. Appalachian Technical College*, 631 F.3d 1194, 1197 (11th Cir. 2011). The First Amendment does not apply to private parties, however, unless those parties have engaged in "state action." *Farese v. Scherer*, 342 F.3d 1223, 1234 n.13 (11th Cir. 2003). Moreover, suits under 42 U.S.C. § 1983 are limited to actions made under color of law, and thus cannot reach purely private conduct. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

The district court did not abuse its discretion in reading the complaint so as not to include a claim for retaliatory discharge, since it did not prominently raise that issue. Moreover, the complaint specifically stated that it was "solely directed

8

at the malicious misapplied provisions of [the federal income] tax, wrongfully and unlawfully taking of private property for public use." Finally, even if the court had construed the complaint to raise a claim for retaliatory discharge under Title VII, § 1983, or any other federal law, the claim would have been legally unsupported.

AFFIRMED.